JOHN W. KEENE *versus* EPHRAIM HOUGHTON.

In the sale of the lands of non-resident proprietors for taxes by virtue of the provisions of St. 1821, c. 166, § 30, the collector is authorized to deed only to the highest bidder, and cannot legally substitute the name of another for that of the purchaser.

A sale not in conformity with the statute gives no title; and an agreement - with the collector of taxes to pay the amount bid by another and receive a deed by way of substitution, is void for want of consideration.

EXCEPTIONS from the District Court.

This is an action of assumpsit for money had and received, according to the account annexed. The general issue having been pleaded, the action was opened to the jury; and the plaintiff proposed to prove, that being a collector of taxes of the town of Weld, on the fifth day of May, 1838, he exposed to sale by public auction, sundry lots of non-resident lands, taxed in the bills committed to him to collect, for the year 1836, said land being situated in said Weld, the plaintiff having advertised the same according to law; that at the time and place of sale, James Brown was appointed by the plaintiff to make a record of the proceedings; and that the land was struck off to Isaac Tyler for the taxes and costs, that being the highest bid. Immediately after and before record was made of the sale by said Brown, the defendant came to the place and inquired if the land had been sold, and was told by the plaintiff that it had been struck off to Isaac Tyler for the amount of taxes and costs due on the lands; that the defendant replied he was sorry; that the plaintiff then told him he could have it at the bid, if he wished; that the defendant agreed to take it at the bid; and said Brown made a record of the sale in writing, specifying the number of lots, &c. as struck off to the defendant, for the amount of taxes and costs; that a deed of the land was made out, in due form, and offered to the defendant, who said to the plaintiff that he would take the deed and show it to a lawyer, and if it was right he would pay the amount; that he then took the deed, and subsequently told the plaintiff that the lawyer to whom he showed the deed, said it was in due form, but that it should have been made out to Tyler, and

a deed from Tyler to defendant, which was the only objection the defendant made to the deed.

WHITMAN J. who presided at the trial, considering the afore-said evidence, proposed to be offered by the plaintiff, insufficient in law to support his action, directed a nonsuit. To which ruling and direction the plaintiff excepted.

*R. Goodenow,* for the plaintiff, contended that the substitution of Houghton for Tyler was proper. The direction that land is to be sold to the highest bidder, is for the protection of the public. No particular form is necessary to constitute a bidding. Tyler's bid was a good one, and the defendant came in before the proceedings were closed, and assumed his bid. The owner of the land does not suffer by this.

This is not within the statute of frauds. The terms of sale were published. The auctioneer had his clerk, by whom a record of the proceedings was duly kept, so that there is not the danger of parol testimony. The auctioneer is the agent of both parties. *Cleaves* v. *Foss,* 4 Greenl. 1.

*Belcher.* The title to be acquired by the purchaser of lands sold for taxes, is a statute title. The collector cannot sell at private sale. It does not appear from the report of the case, that the defendant was present at the sale to Tyler, or that Tyler consented to this arrangement. The collector, by the statute, is to sell, and make a deed, &c. to the purchaser. The defendant could derive no title from such a deed as was offered, he not having purchased. This was in fact a mere private sale, which the collector has no authority to make.

The opinion of the Court was delivered by

SHEPLEY J. — The statute authorizing the sale of the lands of non-resident proprietors to obtain payment of the taxes assessed on them, c. 116, § 30, provides, that the collector, after having given notice in the manner prescribed, " shall proceed to sell at public auction, to the highest bidder, (after waiting two hours from the time appointed for said sale,) so

much only of said lands as shall be sufficient to discharge said taxes and the necessary intervening charges."

In the execution of a power given by a statute, there must be a strict conformity to its provisions, or the proceedings will be ineffectual. The person so authorized cannot adopt a different mode of proceeding, which he may judge would accomplish the same object in a different manner, and be more beneficial to those interested. The collector, in this case, is authorized to deed only to the highest bidder; that is, to the person who would bid the highest price for the land by taking the least quantity of it, and pay the amount due. And he only could acquire a title to the land by such a sale; for a sale not in conformity to the provisions of the statute, could not give a title. The bill of exceptions states, that Isaac Tyler was the purchaser at the sale. And it does not appear that he refused to comply with the conditions of sale, or that he acted as the defendant's agent, or assented to the transfer of his bid to the defendant. And the plaintiff had no right to substitute the defendant for Tyler as the purchaser. If the defendant should be required to pay, he would have no equivalent, and his agreement must be considered as made without consideration, and void.                    *Exceptions overruled.*