# Alexander *v.* Savage.

*Statutory Action in nature of Ejectment.*

1. *Tax deed to administrator of deceased purchaser.*—A deed for land sold for unpaid taxes, executed by the probate judge to the administrators, by name, of the deceased purchaser, "for the use of the heirs," the grantees not being devisees under his will, conveys no title under the statutory provisions contained in the Code of 1876 (§§ 449, 458-9, 464).

2. *Possession under color of title, as ground of recovery.*—A deed which is void as a muniment of title, may operate as color of title, and authorize a recovery against a mere trespasser, in connection with proof of actual occupancy under it; but merely cutting timber on the land, paying taxes on it, and excluding intruders, "scarcely rises to the dignity of such a possession;" and if it were sufficient, the plaintiff must show that the defendant entered as a trespasser.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. LEROY F. BOX.

This action was brought by George W. Alexander, individually, and as administrator of the estate of Anna Alexander, deceased, and W. J. Borden, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 6th July, 1886. James H. Savage intervened as the landlord of the tenants in possession, and defended the suit, pleading not guilty and the statute of limitations of five years, applicable to suits by purchasers of land at tax sale; and issue was joined on these pleas. On the trial, as

[Alexander v. Savage.]

the bill of exceptions shows, the plaintiff relied on a purchase at a tax sale, by Matthew Alexander, deceased, in April, 1875, and a deed subsequently executed by the the probate judge to his administrators by name (George W. Alexander, Anna Alexander, and W. J. Borden), "for the use of the heirs of the said Matthew Alexander;" and they relied on this deed (1) as showing title, and (2) as color of title. As showing possession under color of title, George W. Alexander testified on the part of the plaintiffs, "that he took possession of said land soon after the making and recording of said deed by the probate judge, claiming the same; that the land was principally valuable for the timber that was on it; that there was no dwelling or clearing on it, and he lived about three miles from it; that he continued until the Spring of 1882, when the defendants entered; that he got timber from the land for boards, and hauled lightwood from it, and permitted others to get boards and lightwood; that he looked after it, and kept off intruders, and paid taxes on it each year, from the purchase by his father, said Matthew Alexander, and from his father's death in 1876, up to the present time." The court excluded the tax deed as evidence, on motion of the defendant; to which ruling the plaintiff excepted, and thereupon took a nonsuit; and this ruling is here assigned as error, with other matters.

AIKEN & BURTON, for appellants.

KELLY & SMITH, contra.

SOMERVILLE, J.—We need consider but one question in this case. Did the Circuit Court err in excluding as evidence the deed offered by the plaintiffs?

The deed embraced the lands in controversy, and bore the date June 8th, 1877, being based on a tax sale made April 5th, 1875. It was signed by the probate judge in his official capacity, acknowledged before an officer who was authorized by law to take acknowledgement of deeds, and recorded on January 31st, 1881, in the office of the probate judge—all in strict accordance, thus far, with the requirements of section 460 of the Code of 1876, which was the law in force at the time of the transaction. The deed was also executed in substantial compliance with the form prescribed for tax deeds in section 459, except in one particular, which, in our opinion, is completely fatal to the validity of the paper.

The statute invests the probate judge with the authority to execute a tax deed, only to the following classes of persons: (1) to the original *purchaser* at the tax sale; and (2) to the

*assignee*, by written indorsement, of the certificate of purchase; (3) by necessary implication, possibly, to the devisees or heirs of a deceased purchaser; as to which, however, *quære?* Code, 1876, §§ 458–459, 464, 449; Code, 1886, §§ 592, 581, 586.

The deed, among other things, recites the death of Matthew Alexander, the original purchaser at the tax sale, as having occurred on April 21st, 1876; and the conveyance is made jointly to the three *administrators* of said decedent, by name, "for the use of the heirs." One of the said grantees having died, her personal representative is made a party plaintiff in this suit, in connection with the other two grantees, as co-plaintiffs.

Under this state of facts, the deed was clearly void for the want of authority in the probate judge to execute it to the *administrators* of the deceased purchaser. As grantor, this officer was acting under a limited statutory power. A tax deed made to one substituted for the purchaser, or to any grantee other than one sanctioned by the statute, is void. The statutory authority to convey must be strictly pursued by the probate judge, and the deed made only to those to whom he is authorized by law to execute it.—Burroughs on Taxation, § 118; *Keene v. Houghton*, 19 Me. 368.

The last will and testament of Matthew, which appears in the bill of exceptions, shows that the plaintiffs, who were grantees in the tax deed, were not devisees under the provisions of that instrument.

The deed conveyed no title whatever to the plaintiffs, and was therefore properly excluded, unless it was admissible as color of title to define the boundaries of plaintiffs' possession, when they claim to have entered under it.—*Hughes v. Anderson*, 79 Ala. 209; *Stovall v. Fowler*, 72 Ala. 77.

The alleged possession of the plaintiffs, acquired by getting timber off the land, paying taxes on it, and excluding intruders, without actual occupancy, scarcely rises to the dignity of such a possession as would authorize a recovery of the premises from the defendants, without other additional proof than mere color of title. But, conceding that it was sufficient to authorize a recovery against a mere trespasser, on the principle announced in *Green v. Jordan*, 83 Ala. 711; 3 Amer. St. Rep. 711; *Wilson v. Glenn*, 68 Ala. 383, and other cases holding that doctrine, there is no evidence in the record that the defendants were trespassers, and we can not assume this as true for the purpose of putting the Circuit Court in error. The plaintiffs, having introduced evidence of the fact of the defendants' possession, to put the court in error, and render the tax deed *prima facie* admissible, they should have gone further, and

[Phœnix Insurance Co. v. Copeland.]

proved that the defendants entered as trespassers. Having neglected to do this, the whole question became one of title, and the ruling of the trial court excluding the tax deed as more color was free from error. This view is corroborated by the further fact, that the bill of exceptions does not purport to set out all the evidence introduced on the trial.

The other rulings are free from error, and, in fact, become immaterial in the view we have above taken of the case.

Judgment affirmed.