# Black *v.* Tenn. Coal, Iron & Railroad Company.

### *Statutory Action in nature of Ejectment.*

1. *Possession under color of title.*—When a person is in actual possession under a conveyance which, though passing no title, is operative as color of title, his possession is, in law, co-extensive with the boundaries described in the instrument, and is not limited to that part which he is actually occupying and cultivating; but this principle does not extend to such partial possession, when held under an instrument which does not confer color of title, because of uncertainty and indefiniteness in the description of the land which it purports to convey.

2. *Description of land in conveyance; parol evidence identifying.*—A conveyance of a tract of land described as "all that part of the west half of the north-west quarter of section 19, township 17, range 3 west, that lies south of Black Creek," not stating the county, district or State, is not void for uncertainty and indefiniteness, but operative as color of title to a tract identified by parol evidence in aid of a possession acquired and held under it.

APPEAL from the City Court of Birmingham.

Tried before the Hon. A. A. COLEMAN, as special judge.

This action was brought by James Black and others, surviving children of James Black, deceased, to recover the possession of a tract of land containing about forty acres,

[Black v. Tenn. Coal, Iron & Railroad Company.]

which was described in the complaint as "all that portion of the north-west quarter of section 19, township 17, range 3 west, which lies south of Black Creek in Jefferson county;" and was commenced on the 20th August, 1888. The defendant pleaded the general issue, and the statute of limitations of ten years; and issue was joined on these pleas. The case was submitted to the court without a jury, and judgment was rendered for the defendant. The judgment of the court, and several rulings on evidence, are assigned as error.

ARNOLD & EVANS, for appellants, cited *Black v. Pratt Coal Co.*, 85 Ala. 505; *Anderson v. Melear*, 56 Ala. 621; *Strange v. King*, 84 Ala. 214; *Brown v. Cockrell*, 33 Ala. 46; *Lucas v. Daniel*, 34 Ala. 193; *Woods v. Montevallo Co.*, 84 Ala. 566; *Dothard v. Denson*, 75 Ala. 482; *Bell v. Denson*, 56 Ala. 448; *Farley v. Smith*, 39 Ala. 44; *Ryan v. Kilpatrick*, 66 Ala. 337; *Jackson v. Woodruff*, 1 Cowen, 276; 13 Amer. Dec. 529; *Jones v. Pelham*, 84 Ala. 208; *Taylor v. Buckner*, 12 Amer. Dec. 357; 33 Ohio St. 404; 4 Heisk. 570; Busw. Limitations, § 254; Wood's Lim. 524, 532; 3 Wash. R. P. 138–9; 2 Smith's L. C. 564; 1 A. & E. Ency. Law, 291; 1 Dev. Deeds, § 650; Tyler on Ejectment, 875, 885–6.

HEWITT, WALKER & PORTER, *contra*, cited and relied on *Black v. Pratt Coal Co.*, 85 Ala. 504.

COLEMAN, J.—This was a statutory action of ejectment to recover land. Plaintiffs claim title through their ancestor, James Black, who died in possession of the land in the year 1840, leaving ten children, but no widow surviving him. James Black went into possession under a sheriff's deed, in which the lands are described as "the south end of the west half of the north-west quarter of section nineteen, township seventeen, range three west, in the Tuskaloosa Land District, Black Creek being the dividing line, as the property of Josiah Goolsby." There is no evidence of actual possession by the children of James Black after his death in 1840. The defendant, for a defense, relied upon the statute of limitations of ten years.

To show adverse possession under color of title, the defendant introduced evidence tending to show that one Philyear lived adjacent to the land prior to the year 1850, cultivated one or two acres of the land, and claimed ownership of the entire tract. The defendant offered to introduce in evidence a deed from Philyear to one Shoemaker, in which the lands

were described as "all that part of the west half of the north-
west quarter of section nineteen, township seventeen, range
three west, that lies south of Black Creek." Neither State or
county or land district is mentioned in this deed of convey-
ance. Many objections were urged against the introduction
of this deed; among others, one was that when a party claims
under color of title, "the deed itself must so describe the lands
as of itself to give notice without the aid of parol proof."

When title to land is shown to be in one person, and the
possession in another, presumptively the possession is subor-
dinate to the title. The burden of proving that the pos-
session is adverse and hostile to the true title, is cast upon the
party asserting it. The doctrine of adverse possession rests
upon the acquiescence of the true owner, and acquiescence
can not be proven or presumed without notice of the adverse
claim. To make good the claim of title by adverse holding,
the party asserting it must show the true owner knew of his
possession under a hostile claim, or the possession and claim
must be so open and notorious as to raise a presumption of
notice, which the law regards as the equivalent of proof of
actual notice.—*Lucy v. Tenn. & Coosa R. R. Co.*, 92 Ala. 246;
*Woods v. Montevallo Coal & Transp. Co.*, 84 Ala. 566;
*Dothard v. Denson*, 72 Ala. 545; *Alexander v. Wheeler*,
69 Ala. 332; 57 Ala. 304.

An important distinction as to the extent of the possession
of a bare trespasser, and one who claims under color of title,
should be kept in view. The possession of a trespasser is lim-
ited to his actual occupancy, the *"possessio pedis;"* whereas
the possession of one in under color of title is generally con-
strued to be co-extensive with the boundaries described in the
written instrument under which the possession is held.—*Lucy
v. Tenn. & Coosa R. R. Co. supra; Burks v. Mitchell*, 78 Ala.
63; *Stovall v. Fowler*, 72 Ala. 78; *Childress v. Childress*,
76 Ala. 133; 72 Ala. 545, *supra*.

Mere color of title does not draw possession to one who is
not in or does not take actual possession of some part of the
land conveyed; but *"possessio pedis"* of any part of the tract
conveyed, in law, is held to be the actual possession of the
entire tract. It is not constructive possession, strictly speak-
ing, but actual possession, that a party has under color of title
of the premises conveyed. Technically speaking, in legal con-
templation there is no such thing as constructive possession
under color of title, and the use of this term in *Jones v. Pel-
ham*, 84 Ala. 211–212, and *Louisville & Nashville R. R. Co.
v. Boykin*, 76 Ala. 566, when considered in reference to
the facts of those cases, shows that the court used it as syn-

[Black v. Tenn. Coal, Iron & Railroad Company.]

onymous with actual possession.   In *Stovall v. Fowler*, 72 Ala.
78, it was expressly declared that, where there is an entry on
lands under color of title by deed, in legal contemplation there
is "actual possession to the extent of the boundaries contained
in the writing; and this though the title conveyed is good for
nothing."—*Burks v. Mitchell*, 78 Ala. 63.   If the deed was
void because of the indefinite and uncertain description of the
land conveyed, such a deed would not convey color of title,
and a possession under it would be limited to "*possessio pedis.*"
*L. & N. R. R. Co. v. Boykin*, 76 Ala. 566.

Construing this identical deed in the case of *Black v. Pratt
Coal & Coke Co.*, 85 Ala. 509, this court said:   "Now, while
we judicially know that there are, and may be found in many
government surveys, lands corresponding to the description
of the west half of north-west quarter of section nineteen,
township seventeen, range three west, we do not and can not
know judicially that they, or any two of them, are bisected by
a stream known as Black Creek.   This is a land mark, a nat-
ural boundary, which, as far as we can judicially know, dis-
tinguishes this from all other tracts with corresponding govern-
ment numbers."   In that case, as in the present, proof was
introduced to show that Philyear lived near the land, claimed
it, and cultivated a part of it; that afterwards his vendee,
Shoemaker, did likewise; and that Black Creek did flow
across this particular sub-division.   The court held that a sur-
veyor, on inquiry of facts, could have located the lands, and
this was a full answer to the charge of ambiguity; and the de-
cision is to the effect, that if Shoemaker's possession, and those
claiming under him, was adverse, open or notorious, and con-
tinuing for ten years, the statute of limitations was a complete
defense, not only as to the part inclosed and cultivated by
Philyear and Shoemaker, but as to all the tract conveyed by
the instrument.

We understand the case of *Jackson v. Woodruff*, one of the
cases relied upon by appellant, and found in 13 Amer. Dec.
526, to assert the same principle.   There, the deed purported
to convey seven hundred and eighty-three acres, but, upon
surveying out the lands according to the description given in
the instrument, it was found that only a line had been described,
and no land conveyed.   The court said, "No land is included,
consequently the deed is a nullity;" and under such a deed
the adverse possession was confined to the *possessio pedis.*
But the court laid down the general rule as we do, that color
of title and occupancy of part is sufficient to give possession of
all the premises described in the deed.

The case of *Humphries v. Huffman*, 33 Ohio St. Rep. 395,

[Black v. Tenn. Coal, Iron & Railroad Company.]

another cited by appellant, held that a conveyance of one hundred acres, of a described plat of six hundred acres, without further description of the one hundred acres, was void, and could not be relied upon as conveying color of title; "that there was no land mark to enable a surveyor to find the land." In the case of *Henly v. Wilson*, 81 N. C. 407, the demise was of "all the lands on both sides of Haw river in Chatham county, and all the mills and appurtenances belonging thereto, said property known as the McClannahan Mills;" and the court held the description was sufficient to operate as color of title.

Color of title is that which in appearance is title, but which in reality is no title. What constitutes color is a question of law for the court, while occupancy and acts of ownership are facts for the jury.

A presumption of notice of an adverse possession will arise from the open, notorious and continuous claim to, and exercise of dominion over the land, in hostility to the true owner. We have stated that a deed which is void on account of vague and indefinite description of the land conveyed, did not give color of title, and, as a consequence, such a deed is insufficient to give notice. It may be conceded also, that under the influence of the maxim *Id certum est quod certum reddi*, a deed may operate as a valid conveyance, as between the parties, and be insufficient to give notice to third parties; but we can not see why recitals in a deed, descriptive of the property conveyed, which are calculated to excite attention and awaken inquiry in a prudent person, shall not operate as notice of all facts suggested by the recitals, and which are ascertainable upon reasonable inquiry and investigation. The deed of Philyear to Shoemaker, describing the land by sub-division of quarter-section, giving section, township and range, and Black Creek as a boundary line, was certainly sufficient to arrest the attention and put upon inquiry any one who had a claim to a tract of land corresponding with this description.—Pomeroy Equity, § 626.

The introduction of the deed from Philyear to Shoemaker was admissible, also, to show the character of the claim and extent of the actual possession of the defendant under his color of title. Proof that the land was in section 19, township 17, range three west, and that Black Creek divided it, sufficiently identified the land to enable a surveyor to locate it.

Notice of such adverse holding was also shown by open, notorious and continuous claim and acts of ownership, such as indicated to all the world an independent right; and from such proof the law conclusively infers the true owner had notice of the adverse holding, and his acquiescence for ten years was sufficient to toll his right to enter.

[Friend v. Powers.]

The introduction in evidence of the conveyance of the mineral rights was followed by the introduction of the deed to the land which excepted the mineral interest. The several conveyances thus united in the defendants the entire interest conveyed by Philyear to Shoemaker.

We find no error in the record, and the judgment is affirmed.