# Gist v. Beaumont.

*Statutory Action of Ejectment.*

| 104 | 347 |
| 128 | 555 |
| 128 | 556 |
| 104 | 347 |
| 130 | 386 |
| 104 | 347 |
| 142 | 700 |
| 142 | 701 |
| 104 | 347 |
| 143 | 345 |

1. *Tax deed admissible in evidence as color of title, though invalid as a conveyance.*—Where lands are sold for unpaid taxes, the deed to the purchaser, though it may be invalid as a conveyance of title, is admissible in evidence, in connection with proof of actual occupancy under it, as color of title, and as showing the extent of possession.

2. *Evidence of acts of ownership; when relevant.*—In an action of ejectment, where the plaintiff bases his right of recovery upon prior actual possession under color of title, evidence that plaintiff surveyed the land, drove stakes around it, paid taxes on it, and offered it for sale, is admissible as tending to show a claim of ownership and actual possession.

3. *Action of ejectment against bare trespasser; what necessary to maintain it.*—In an action of ejectment against a mere trespasser, the plaintiff may recover upon proof of previous possession alone; but mere color of title, without actual possession of some part of the premises, will not support such action.

4. *Same; same.*—Where, in an action of ejectment the plaintiff has not the legal title to the land sued for, the entry of defendant upon said lands is not a trespass, so far as plaintiff's rights are involved,

unless it is shown the plaintiff had actual possession at the time of the entry.

5. *Same; same.*—Where, in action of ejectment, the plaintiff bases his right of recovery upon prior actual possession under color of title, and the defendant claims under a quit-claim deed from one who is not shown to have had either title or possession, the material question to be determined, and the one decisive of the parties' rights, is, whether the plaintiff had actual adverse possession of the land, claiming it as his own, at the time of the purchase by defendant from his grantor and the execution of the quit-claim deed; and this question must be determined by the jury from the facts of each case, under proper instructions.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

The appellee, Charles S. Beaumont, on January 10, 1889, brought the present action of ejectment against the appellant, William Gist, for the recovery of a certain lot in the city of Tuscumbia. The plaintiff's claim was founded upon a deed, which was executed by the mayor of the city of Tuscumbia to him as the purchaser of said lot at a sale for taxes thereon due to said city of Tuscumbia. This deed was executed on January 4, 1882. It was not acknowledged, but was attested, and was duly recorded in the probate office of Colbert county. To the introduction of said deed in evidence the defendant objected, on the grounds: 1st, that it had not been acknowledged or probated, as required by law; 2d, not being so acknowledged or probated it was not such a conveyance as the record thereof would operate as notice; and, 3d, because it was void on its face. The court overruled each ground of this objection, and the defendant duly excepted.

The plaintiff as a witness in his own behalf testified, that after he received the said deed to the property from the mayor, he went into possession and had the property surveyed, and drove down "small wooden corner pegs and other such pegs every fifty feet around such lot, and nailed a small wooden board on the tree on the lot" with his name on it; that the lot was used by him, and that he paid the taxes thereon until the year 1887, but did not pay taxes after the defendant Gist took possession. The defendant objected to the testimony of the plaintiff in regard to the payment of taxes, and moved to exclude the same, on the ground that the "records and

[Gist v. Beaumont.]

receipts were the best evidence of such payment." The court overruled such objction and motion, and the defendant duly excepted. The plaintiff also testified that when he left Tuscumbia, some time after his purchase of the lot, he asked his wife to look after the said lot, and also placed it in charge of real estate agents to sell for him. The defendant moved to exclude this testimony, and duly excepted to the court's overruling his motion. The testimony for the defendant, and the basis of his claim are sufficiently stated in the opinion.

The court, at the request of the plaintiff, gave to the jury the following written charges : (1.) "If the jury believe from the evidence that the plaintiff was in adverse possession of the lot at the time the defendant bought it, and further believe from the evidence that plaintiff's deed from the city of Tuscumbia was recorded in the office of the judge of probate of Colbert county at the time defendant bought it, then the defendant is chargeable with notice of plaintiff's claim." (2.) "The deed executed by Challen to the defendant would not authorize the defendant to go on the land and take possession of it, unless you believe from the evidence that Challen had a claim to the land before he executed the deed." (3.) "The jury are not authorized to consider the question of improvements on the value of the lands, unless you believe from the evidence defendant had possession of the land three years before the bringing of the suit." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by him : (1.) "Even if Beaumont had possession of the lot for 5 years with color of title, this is not sufficient to enable him to recover in this action." (2.) "The recorded tax deed of the city of Tuscumbia to Beaumont was no notice to Gist that Beaumont had or claimed to have a claim on the lot sued for." (3.) "Unless Beaumont, or those under whom he claims, was in possession of the property for ten years before the suit was brought, he cannot recover in this action." (4.) "The defendant, Wm. Gist, was not a trespasser on the land sued for at the time the suit was brought." (5.) "If the jury believe the evidence, they will find for the defendant."

There was judgment for the plaintiff. Defendant ap-

[Gist v. Beaumont.]

peals, and assigns as error the rulings of the court upon the evidence, the giving of the charges requested by the plaintiff, and the refusal to give the charges requested by the defendant.

JACKSON & SAWTELLE, for appellant.—1. The deed from John W. Cooper, mayor, was inadmissible. It could not have been admitted as color of title, when the same was offered as evidence, nor at any other time during the trial. Beaumont was not shown to have been in actual, continuous possession of any part of the lot. *Stovall v. Fowler,* 72 Ala. 78; *Torrey v. Forbes,* 94 Ala. 135; *L'Engle v. Reed,* 9 So. Rep. (Fla.) 213.

2. The recorded tax deed of the city of Tuscumbia to Beaumont was no notice to Gist, (the appellant), that Beaumont had or claimed to have a claim on the lot sued for, because there was no proof that Beaumont was in actual possession of the lot and the deed was not even color of title without proof, and because he (Gist) did not claim through or under the city by the appellant. *Lehman, Durr & Co. v. Collins,* 69 Ala. 127 and cases cited; *Blake v. Graham,* 67 Amer. Dec. 362, and cases cited.

3. Appellee, Beaumont, was not shown to have been in adverse possession of the lot in question, and hence the general charge requested by the appellant numbered five, should not have been given.—*Alexander v. Savage,* 90 Ala. 383; *Crosby v. Pridgen,* 76 Ala. 387; *Bell v. Denson,* 56 Ala. 449; *Childress v. Calloway,* 76 Ala. 133; Tiedeman on Real Property, § 697; 1 Amer. & Eng. Encyc. of Law, 255, 258, and cases cited; *Brown v. Rose,* 55 Iowa, 739; *Blake v. Graham,* 67 Amer. Dec. 362. What constitutes adverse possession, and what evidence is sufficient, are, of course, questions of law; whether in fact the possession is adverse, or under the owner's title, is for the jury, and the burden of proving the possession was adverse is upon the person alleging it.—*Herbert v. Hanrick,* 16 Ala. 581; *Farmer v. Eslava,* 11 Ala. 1028. It is for the jury to determine whether the facts exist which will constitute adverse possession. What facts when proved constitute it, the court pronounces as matter of law.—*Collins v. Johnson,* 57 Ala. 307.

KIRK & ALMON, *contra.*—The rulings of the trial court

are supported by the following authorities : *McInerny v. Irvin*, 90 Ala. 275 ; *Alexander v. Savage*, 90 Ala. 383 ; *Wilson v. Glenn*, 68 Ala. 383 ; *Hughes v. Henderson*, 79 Ala. 209 ; *Stovall v. Fowler*, 72 Ala. 77 ; *Green v. Jordan*, 83 Ala. 220; *E. T., V. & G. R. R. Co. v. Davis*, 91 Ala. 615 ; 3 Brick. Dig., 769, § 165 ; *Allison v. Little*, 85 Ala. 512.

COLEMAN, J.—This was an action in ejectment, brought by the appellee against the appellant. It may be safely asserted that neither party at the trial held a perfect legal title. The plaintiff introduced evidence tending to show possession prior to that of the defendant, and in connection with the facts of prior possession, introduced in evidence, against the objection of the defendant, an instrument in writing, purporting on its face to be a conveyance of the lands to plaintiff, signed by one Cooper, as Mayor. The instrument bore date January 4th, 1882, and recited that the lot had been sold for non-payment of municipal taxes. This instrument had been recorded, but there was no proof of its execution, nor had it been acknowledged before any officer. One of the grounds of objection to its introduction, was that it had not been acknowledged as required by law, and there had been no proof of its execution. The court admitted the instrument merely to show color of title and extent of possession. In this the court did not err. "Color of title is that apparent right in the tenant which he has derived by his paper title. He who holds under a paper title which apparently gives him the right to the land, which would lead an honest man to the conclusion that the right to the land passed by the deed * * * must be considered as holding under color of title." *Saltmash v. Crommelin*, 24 Ala. 347. The deed purported to be signed and duly attested. Neither proof of its acknowledgment nor its execution was necessary to its introduction to show color of title.—*Ala. State Land Co. v. Kyle*, 99 Ala. 474 ; *McInerny v. Irvin*, 90 Ala. 275 ; *Alexander v. Savage*, 90 Ala. 383. There was no error in admitting, as evidence of claim and ownership, the survey of the lot, the driving of stakes around the lot, the sign posted upon it, the payment of taxes, the offer of sale of the lot by plaintiff and by his agents. These were circumstances and facts proper to be considered by the jury on the question of claim of ownership, and also of actual possession.

[Gist v. Beaumont.]

In ejectment the plaintiff must recover on the strength of his own title, and not on the weakness of his adversary; and this principle applies except that a plaintiff may recover upon proof of previous possession alone as against a bare trespasser. Mere color of title without actual possession of some part of the premises will not support ejectment against even a trespasser. Mere color of title does not give constructively actual possession. *Lucy v. Tenn. & Coosa R. R. Co.*, 92 Ala. 246; *Black v. Tenn. Coal, I. & R. R. Co.*, 93 Ala. 109; *Doe ex dem Mills & Hooper v. Clayton*, 73 Ala. 359; *Torrey v. Forbes*, 94 Ala. 135; *Alexander v. Savage*, 90 Ala. 383; *Green v. Jordan*, 83 Ala. 220; *Stovall v. Fowler*, 72 Ala. 78.

The defendant introduced in evidence a quit-claim deed of conveyance dated January 10th, 1887, signed by one William Challen, which was duly acknowledged and recorded. There was no evidence of title in or possession by the grantor Challen at any time. The defendant testified that at the time of his purchase from Challen, he examined the lot, that it was vacant, and that there were no signs of claim or possession of the lot by any one; and that he took actual possession at once under his purchase and improved the lot by building on it, and has held possession ever since. The defendant introduced other evidence tending to show that since 1882, there had been no stakes driven up around the lot, and no sign board placed on it with plaintiff's name marked on it, and no visible facts to show that any one had actual possession of the lot, and that he knew of no claim except that of Challen. The material question to be determined in the case, and the one decisive of the parties' rights, is, as to whether the plaintiff had actual adverse possession of the lot, claiming it in his own right, at the time of the purchase by defendant from Challen, and the execution of the quit-claim deed to him, and his possession under that purchase. If plaintiff was in actual adverse possession at that time, the quit-claim deed from Challen was a nullity, as against his actual adverse possession, and the defendant's possession was that of a trespasser. Against the possession of a mere trespasser, plaintiff's prior actual possession, if he had such, will prevail. On the other hand, if the plaintiff was not in actual possession at the time the defendant took possession under the quit-claim deed from Challen, then he

was not a naked trespasser, so far as plaintiff's rights are involved, and under these circumstances, the plaintiff could not recover on prior possession alone. Or if plaintiff went into actual possession in 1882, and subsequently abandoned such possession, and had not reentered at the time of the purchase and entry by the defendant in 1887, the latter was not a trespasser. The plaintiff not having the legal title, it required actual possession of the lot by him, to render the entry by the defendant a trespass. These questions under proper instructions must be determined by the jury.

The second charge given for the plaintiff was calculated to mislead. It was erroneous, also, in that it ignores the evidence of the defendant, which tends to show that plaintiff was not in possession at the time the possession was entered upon by the defendant. The principles declared cover the charges requested by the defendant. The undisputed evidence as it now appears in the record shows that the plaintiff must recover, if he recovers at all, upon the proposition of prior actual possession by him, and that defendant was a bare trespasser. Several of the charges requested by the defendant were erroneous in that they declare as matter of law that the possession of the defendant was not that of a bare trespasser. This, as we have seen, is a question of fact for the jury.

Reversed and remanded.