# Brannan *v.* Henry.

*Statutory Action of Ejectment.*

1. *Color of title; may be shown by void deed; exception.*—While as a general rule, a void deed is admissible in evidence to show color of title to the person claiming thereunder, if, however, the deed offered is void because of the uncertain and indefinite description of the land conveyed, such a deed would not convey color of title, and possession under it would be limited to *possessio pedis.*

2. *Deed; description of lands conveyed; latent ambiguity.*—Where the description of lands in a deed is by Government numbers, but the township and range are not described as being south or north, or east or west, and in the county where the land is described as being situated there are townships north and south bearing the same number as that designated in the deed in which there is the same section as that designated in the deed, such description standing alone would constitute a patent ambiguity, which could not be relieved by parol testimony of what was intended by the parties to be conveyed; but where in such deed there is a recital that the lands described therein were sold for the payment of taxes that were due from one M. D. M., the owner of said lands, such recital makes the description set forth in the deed a latent ambiguity and authorizes resort to competent parol evidence in aid of the description set forth in the deed.

3. *Ejectment; admissibility of evidence.*—In an action of ejectment, where the defendant sets up the defense of adverse possession of 10 years, it is competent for the defendant as a witness in his own behalf to testify that he purchased the lands described in the complaint from the State and paid a certain sum of money therefor, and that he immediately went into possession of such lands, and has remained in possession thereof ever since said purchase.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was a statutory action of detinue brought by the appellee, Mary Henry, against the appellant, Lewis L. Brannan, to recover certain lands specifically described in the complaint.

The facts in the case are sufficiently stated in the opinion. Upon the introduction of all the evidence the court at the request of the plaintiff gave the general affirmative charge in her favor, to the giving of which charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

McINTOSH & RICH, for appellant.—A tax deed, void as a muniment of title, may answer as color of title.— *Hughes v. Anderson*, 79 Ala. 209; Mayfield's Digest, Vol. 2, p. 82, §§ 134, 137, 138 and 147; *Stovall v. Fowler*, 72 Ala. 77; *McInerny v. Irvin*, 90 Ala. p. 275.

It has been decided in this State as far back almost as the organization of this Court that in ejectment cases, identity of the premises may be proved by parol.—*Bullock v. Malone*, (Minor), page 400.

The failure to state in the deed whether the township was north or south was, at most, but latent ambiguity. and the authorities expressly hold, that ambiguities of this character may be explained by parol.—*Chambers v. Ringstaff*, 69 Ala. p. 140; 1 Greenleaf's Evidence, page, 352, § 297; *Bullock v. Malone, supra;* Brown on Parol Evidence, page 305, § 98 et seq.; *Moody v. A. G. S. R. R. Co.,* 124 Ala. p. 195; *Stamphill v. Pulley,* 121 Ala. 250.

ERVIN & McALEER, *contra.*—A patent ambiguity cannot be explained by parol proof of what the parties intended.—*Vann v. Lunsford,* 91 Ala. 580. And for the stronger reason when description of property is wholly uncertain proof *cannot be made* of what was intended. *Kennedy Stave & C. Co. v. Sloss-Sheffield Steel & I Co.,* 34 So. Rep. p. 373. A tax deed must give a *certain* description of the land conveyed.—Blackwell on Tax Titles. p. 379. Where the description of property, however, is ambiguous, indentification must be established by the proof of *facts,* opinion or conjecture of what was intended will not do.—*Bernstein v. Humes,* 71 Ala. 269.

DENSON, J—This is an action of statutory ejectment. While other lands were described in the complaint, by

[Brannon v. Henry.]

the proceedings had in the court below, and the judgment redered there in favor of the plaintiff, the questions presented for consideration by this appeal, relate only to that part of the land described in the complaint, as the N. E. 1-4 of section 36, township 2 south, of Range 4 west, situated in Mobile county, Alabama.

The plaintiff offered in evidence a patent to the lands above described issued by the State of Alabama to Thos. Henry on the 2nd day of January, 1872, and then offered in evidence a certified copy of the last will and testament of Thomas Henry, deceased, devising the lands to plaintiff, together with the certificate of the judge of probate of Mobile county, showing the probate and record of said will. The foregoing was all of the plaintiff's evidence.

The defense attempted by the defendant was ten years adverse possession.

The defendant offered in evidence what purported to be a tax deed made to defendant by Cyrus D. Hogue, Auditor, on the 3d day of April, 1890, the lands contained in said deed are described as follows, to-wit: N. E. 1-4 of section 36, township 2, Range 4, lying and being situate in Mobile county, Alabama. The deed was offered merely for the purpose of showing color of title. The objection made by plaintiff to the deed was based on the ground that the deed was absolutely void and not self proving. The court sustained the objection and the defendant duly excepted to the ruling of the court. It must be conceded that the tax deed offered in evidence is not effective as a muniment of title, nor was it depended upon by the defendant as such.

The insistence of the appellant is, that a deed may be void and yet be admissible in evidence to show color of title. This insistence is amply supported by authority, and many of the deeds which have been held by this court to operate as color of title were void tax deeds. *Stovall v. Fowler,* 72 Ala. 77; *Childress v. Calloway,* 76 Ala. 128; *Hughs v. Anderson.* 79 Ala. 209; *Florence Land Co. v. Warren,* 91 Ala. 533; *Gist v. Beaumont,* 104 Ala. 347; *Zundel v. Baldwin,* 114 Ala. 328; *Reddick, et al. v. Long,* 124 Ala. 260; *Dorlan v. Westervitch,* 37 So. Rep. 382.

The above rule it seems, is subject to this qualification, that if the deed offered is void because of the uncertain and indefinite description of the land conveyed, such a deed would not convey color of title, and possession under it would be limited to *"possessio pedis."* This exception is supported by reason and authority.—*Black v. Tennessee Coal, Iron & Railroad Co.,* 93 Ala. 109 ; *L. & N. R. R. Co. v. Boykin,* 76 Ala. 566.

It has been observed that the only objections made to the deed were, that it was absolutely void and that it was not self-proving. Where a paper writing is offered to show color of title it is not necessary that its execution should be proved.—*Gist v. Beaumont,* 104 Ala., 347 *Ala. State Land Co. v. Kyle,* 99 Ala. 474.

It may be true that, if at the time the deed was offered, there had been an objection that there was not at the time the deed was offered, any proof of actual possession under the deed, the court should have sustained it, but no such objection appears to have been made.

Is the deed void because of uncertainty and indefiniteness in the description of the lands, so as to bring it within the qualification above stated to the rule bearing upon the admissibility of a void tax deed as color of title? The appellee contends that it is, and that there can, for this reason, be no proper application of the rule, *id certum est quod certum reddi potest.* "This contention raises the question of patent ambiguity, which the authorities say can neither be explained nor made certain by parol proof." In the case of *Chambers v. Ringstaff,* 69 Ala. 140, Judge Stone, discussing the question said: "The distinction between latent and patent ambiguity has long existed, and the general rule applicable to each class of cases should not be disturbed. When a contract or conveyance, on its face, or aided by judicial knowledge, equally describes two or more persons, things etc., that is patent ambiguity, or ambiguity apparent. In such cases, the rule is clear, and we do not wish to depart from it, that parol proof of what was intended by the contracting parties will not be received. Latent ambiguity exists, when, on the face of the paper, no doubt or uncertainty exists, but by proof *aliunde,* the language is shown to be alike applicable to two or more

persons, things, etc. When this is the case, the uncertainty or ambiguity may be explained or cleared up, by the same character of proof as that by which it is made to appear." The conveyance which the learned judge had under construction in that case, described the land only by section, township and range. It called for parts of sections 7 and 17, in township 12, range 18, nothing being said of the State, county, land district or Government survey in which the lands were situated. With reference to the description, in further discussion of the ambiguty, Judge Stone said: "Now, we judicially know but there is but one tract of land in Alabama which corresponds with this description. There is but one range 18 in the State, and that lies east of the basis meridian of St. Stephens. There is but one township 12 that bisects range 18, and that is north of the base of the survey." Under the above facts and statement of law, it was held permissible to adduce proof that the grantors at the time the conveyance was executed, owned and resided on lands in Montgomery county, Alabama, known by the same numbers as those employed in the conveyance.

We judicially know that there is no range 4 east in Mobile county, and we judicially know that there is a township 2 north, and a township 2 south, in that county, and that there is a section 36 in each of said townships. The deed we have for construction, in the description of the lands by the government survey designates with equal clearness, the two tracts of land, and if this were all, the ambiguity might be patent and parol evidence would not be admissible to aid the description. But we find in the deed offered in evidence, this recital, to-wit: "That, whereas, on the 17th day of May, A. D., 1881, and for three successive weeks thereafter, advertisement was made for the sale of the lands hereinafter described and conveyed, for the payment of the State and county taxes then due from M. D. Mann, the owner, of said lands." We do not judicially known which tract M. D. Mann owned, and we are clear in our conclusion that this reference to the lands in the deed would authorize a resort to competent parol evidence to aid the description

set forth in the deed, and that the deed is not within the qualification referred to.—*Black v. Pratt, Coal & Coke Co.,* 85 Ala. 504; *DeJarnett v. McDaniel,* 93 Ala. 215; *Black v. Tennessee Coal, Iron & R. R. Co.,* 93 Ala. 109; *Webb v. Elyton Land Co.,* 105 Ala. 471; *Dorlan v. Westervitch,* 37 So. Rep. 382.

It follows that the court erred in sustaining the objections made to the deed, offered as it was, to show color of title merely.

After the defendant as a witness in his own behalf had without objection, testified that he purchased the land described in the complaint from the State and paid $80.00 therefor, and that he immediately went into possession of it, and had been in possession of it ever since, the plaintiff moved to exclude this testimony because the deed under which he claims to have purchased, is void and shows on its face that it does not describe any land whatever. The court granted the motion and the defendant excepted. In this ruling we think the court erred. It will be noted that the only deed which had been offered by defendant, was on objection of the plaintiff not allowed in evidence, therefore, at the time the motion was made, there was no evidence that defendant was claiming under a deed, void or otherwise. Hence the specific ground of the motion was without foundation, and for this reason should have been overruled. But we think the evidence was not objectionable. It was certainly competent for the defendant to show that he went into possession of the land, and the evidence that he bought it and paid for it was relevant as tending to show the nature and character of the possession, and his claim, whether under *bona fide* claim of purchase.—*Barron v. Barron,* 122 Ala. 194.

It was not competent for the defendant when testifying to look at the deed and say whether the land described in the deed was in township 2 south, or township 2 north, and whether it was in range 4 east or west. The description in the deed might have been aided by proof tending to show that M. D. Mann once owned the lands or that he was in possession of them and that he was in possession of the lands in township 2 south if such proof was obtainable, and that the tax proceedings were had

against him with reference to this land. This would be showing the circumstances and situation of the parties and land, and would give to the jury and court something shedding light upon the parties at the time the deed was made, so that their intention might be arrived at. The court did not err in sustaining plaintiff's objection to this question asked defendant by his counsel, to-wit: "I will ask you how much land did you buy in section 36?" If not objectionable otherwise, it assumes that defendant bought lands in section 36. The defendant claiming as an adverse holder, it is important that he should show that he entered upon the land under a *bona fide* claim of purchase to exempt him from filing the notice required by Code, 1896, § 1541. The statute has no application to a party who enters under a *bona fide* claim of purchase.—*Doe ex. dem. Holt v. Adams, et al.* 121 Ala. 664; *Sledge et al v. Singley, et al.* 139 Ala. 346.

The defendant should, under the rule above declared, have been permitted to show that he purchased the land and paid for it and that he was claiming under the purchase. This does not mean that the deed would have been admissible in evidence without proof *aliunde* aiding the description.

The 7th ground in the assignment of error, presents for consideration the propriety of the court's action in giving the affirmative charge for the plaintiff, but as the judgment must be reversed for errors pointed out above, we deem it unnecessary to consider this assignment.

Reversed and remanded.

McClellan, C. J., Haralson and Dowdell, J. J., concurring.