#### Anderson *v.* Melear *et al.*

*Statutory Action in Nature of Ejectment.*

1. *Limitation of action for recovery of land.*—A statutory action in the nature of ejectment, commenced on the 10th April, 1874, and founded on a right of action which accrued in 1863, is not barred by the statute of limitations of ten years (Rev. Code, § 2900), since the statute did not run from the 11th January, 1861, until the 21st September, 1865.

2. *What title will support action.*—In ejectment, or a statutory action in the nature of ejectment, a recovery may be had on proof of prior possession under claim of title, or exercising acts of ownership, against one who is afterwards found in possession, unless he shows a paramount title in himself or some other person.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

This action was brought by Mrs. Susan A. Melear, John M. Parham, and Susan A. Parham, to recover a town lot in Greenville, and was commenced on the 10th April, 1874. D. C. Anderson was made a defendant, on his own motion, as the landlord of the tenants in possession, and pleaded not guilty; and the trial was had on issue joined on that plea. "On the trial," as the bill of exceptions states, "the proof showed that John C. Parham went into possession of the land sued for in 1860, and continued in possession, claiming it as his own, until his death, which occurred in the latter part of 1862; that his executor then went into possession, and held until about the first of 1863; that the said Parham made a will, by which he devised all his property, real and personal, to his wife and two children, the plaintiffs in this case; and that the plaintiffs are the lawful heirs of the said John C. Parham. The proof showed, also, that in 1863, immediately after the possession of Parham's executor, Carleton & Wool went into possession as partners, occupying and

[Anderson v. Melear et al.]

claiming it as their own; that they dissolved partnership sometime in 1864, or 1865, after which Carleton possessed the lot individually, claiming it as his own, up to 1868, when he went into bankruptcy; that his interest in said lot was sold by John F. Bailey, his assignee, at a bankrupt's sale, and the defendant (D. C. Anderson) became the purchaser. The defendant introduced the deed of said Bailey, assignee of Carleton, conveying all the right, title, and interest which vested in him as assignee, regular in form, probated, and recorded. This was, in substance, all the evidence in the case, bearing on the points reserved."

"The court charged the jury, among other things, as follows: 'This is an action of ejectment; and in actions of this kind, the plaintiff must recover on the strength of his own title: he must show the legal title to be in himself; but possession is presumptive evidence of title. If Parham was in possession of the land up to the time of his death, asserting title in himself, and the plaintiffs are his rightful heirs, this would be sufficient title to enable them to recover, against one subsequently in possession, who did not have a superior title. In other words, if Parham held peaceable possession of the land, under claim of title, prior to the possession in Carleton set up by the defendant, this prior possession would enable Parham's heirs to recover against him, unless he had other title than that of bare, naked possession subsequent to that of Parham; unless the plaintiffs' action is barred by the statute of limitations. *If the defendant claims only under and through Carleton, he would have no better title than Carleton, although he may show a deed from Carleton's assignee: he could get no better title from Carleton's assignee, than Carleton himself had. Further, if the evidence shows that said Parham had prior possession of the land, under claim of title, and held the same up to his death, and plaintiffs are his heirs, and their right of action is not barred by the statute of limitations; these facts would entitle them to recover, unless the defendant shows such title as would defeat them; and the title offered by the defendant, from Carleton's assignee in bankruptcy, would not be sufficient to do this, if the proof shows no other right on the part of Carleton than that of possession subsequent to the possession and claim of title of Parham.'* The defendant excepted to that portion of said charge which is" italicized, "and to each part thereof separately;" and this is the only matter now assigned as error.

J. M. WHITEHEAD, for appellant.

WATTS & SONS, contra.

STONE, J.—Deducting the time between January 11th,
1861, and September 21st, 1865, from the period which
elapsed between the time when the cause of action accrued,
and the date of the writ in this case, the statute of limita-
tions had not perfected a bar when the action was brought.
Rev. Code, § 2900 ; *Jones v. Nelson*, 51 Ala. 471.

One who has had prior possession of lands, under claim
of title, or exercising acts of ownership, may, upon that fact
alone, maintain ejectment against one afterwards found in
possession, unless the latter set up paramount title in him-
self, or in some other person.—1 Brick. Dig. 627, §§ 40, 41.

The rulings of the Circuit Court are in strict conformity
to the principles above expressed, and its judgment is
affirmed.