[Doe, ex dem. Mills & Hooper v. Clayton et al.]

# Doe, *ex dem.* Mills & Hooper *v.* Clayton *et al.*

| 73 | 359 |
|---|---|
| 102 | 399 |

| 73 | 359 |
|---|---|
| 104 | 352 |

| 73 | 359 |
|---|---|
| 107 | 350 |
| 109 | 383 |

| 73 | 359 |
|---|---|
| 124 | 207 |

| 73 | 359 |
|---|---|
| 137 | 592 |

| 73 | 359 |
|---|---|
| 141 | 513 |

| 73 | 359 |
|---|---|
| 143 | 345 |

## *Ejectment.*

1. *Right of plaintiff in ejectment to recover on prior possession.*—A plaintiff in ejectment, without proof of documentary title, establishes a *prima facie* right of recovery, by showing prior possession under claim of title, or by the exercise of acts of ownership, through himself or tenants; but if, in such case, he fails to show such prior possession, he has no right to recover even against a naked trespasser.

2. *Statute of limitations under purchase at tax-sale; when a bar to ejectment.*—If a defendant in ejectment took possession of the lands sued for, either by himself or by his tenants, under a tax-deed executed in 1872, or, if having previously taken possession, he continued therein under the deed, and the possession was under claim of right in himself, and not for or under another, then such possession put the statute of limitations in motion in his favor from the date of his possession under the deed; and if that possession continued for five years before the suit was commenced, it is a complete bar to the action, without reference to the regularity of the proceedings under which the lands were assessed or sold.

3. *Same; when possession not intercepted so as to prevent the bar of the statute.*—The possession, in such case, is not intercepted so as to prevent the completion of the bar of the statute, by the fact that the purchaser at the tax-sale died in less than five years after he had obtained his deed, having, before his death, conveyed the lands to an infant child, who continued in minority until the commencement of the suit, without a guardian, and, after his death, the widow, the mother of the infant grantee, administered on the estate of the deceased purchaser, and continued to exercise control of the lands, receiving the rents from the same tenants who had first acquired possession as tenants of the deceased purchaser.

4. *Same; attornment by tenants; when not necessary.*—If, in such case, the tenants entered originally under the purchaser at tax-sale, and held under him when he conveyed the lands, there was no necessity for attornment; but their continuing in possession afterwards under a lease or right to occupy, acquired from the purchaser in his life-time, converted them into tenants of the then holder of the purchaser's title, whether that holder was heir, devisee or grantee, without attornment.

5. *Same; what not competent proof of possession.*—Possession of land is a fact, and must be proved as other facts are proved, by legal evidence; and neither unsworn statements of past transactions, nor declarations by the person whose possession is sought to be established, of the purpose for which he was going on the land, are admissible in proof of it.

6. *When testimony of witness shown to be illegal by cross-examination.* When, on direct examination, a witness testifies to a fact relevant to the issues in the cause, but, on cross-examination, it is shown that he had no personal knowledge of the fact, his testimony touching the existence of such fact should, on motion, be excluded from the jury.

[Doe, ex dem. Mills & Hooper v. Clayton et al.]

APPEAL from Lee Circuit Court.

Tried before Hon. H. D. CLAYTON.

This was an action of ejectment by the appellant against the appellees, and was commenced on 17th March, 1879. The defense relied on, and the facts disclosed by the evidence, necessary to an understanding of the points decided, are sufficiently stated in the opinion.

One of the witesses examined on behalf of the appellees, who had testified that, eight or nine years before the trial he, on the request of A. R. Lyon, went with Lyon to the lands sued for, was allowed by the court, against the appellant's objection, to further testify that said Lyon, in asking witness to go with him, told witness that he was going there to renew his contracts with his tenants for another year; and to this ruling the appellant excepted. He also reserved an exception to the ruling of the court, allowing another witness to testify that, in 1871, a brother of A. R. Lyon, while hauling cotton in a wagon in a public road about one mile from the lands sued for, told witness that the cotton in the wagon was rent cotton, which he had collected from tenants on said lands for A. R. Lyon. The facts on which the other rulings of the circuit court on the admissibility of evidence, so far as passed on by this court, are based, are sufficiently indicated in the opinion.

G. D. & G. W. HOOPER, and J. M. CHILTON, for appellant.

W. H. BARNES, contra.

STONE, J.—The plaintiff claims title under two demises; first, from Mills, and second, from Hooper. He offered no documentary title in either. He alleges, and offers some proof tending to show acts of ownership, or of possession, dating before any claim asserted by the defendants, or by Lyon, under whom they claim. The precise form in which he seeks to establish this prior possession is, that as agent, or conditional purchaser from Mills, he placed tenants on the land, had improvments made, and that these tenants continued to occupy under him until the present action was brought—some ten years after the alleged taking of possession. The testimony on the question is by no means harmonious. There is testimony tending to show that Lyon first took possession, and had the improvements made, and that his tenants, entering under him, have had possession ever since. This presents a question of inquiry for the jury. If the proof establishes the plaintiff's phase of the question, thus showing prior possession under claim of title, or by exercising acts of ownership through himself or tenants, then he showed a *prima facie* right of recovery.

1 Brick. Dig. 627, §§ 40, 41; *Anderson v. Melear*, 56 Ala. 621. If the testimony fails to show such prior possession, then plaintiff has no right to recover, even against a naked trespasser.

If, under the rules stated above, the plaintiff makes out a *prima facie* case to the satisfaction of the jury, then the matter of defense will become important. The defense rests on a tax-title, executed to A. R. Lyon, April 4th, 1872. If the said A. R. Lyon took possession of the lands, either by himself or tenants, under that deed; or, if having previously taken possession, he continued in such possession under that deed, and if such possession was under claim of right in himself, and not for, or under another, then such possession put the statute of limitations in motion in favor of Lyon, from the date of his possession under the deed.—*Jones v. Randle*, 68 Ala. 258. And if that possession continued for five years before this suit was brought, it is a complete bar to the action, without any reference to the regularity of the proceedings under which the lands were assessed or sold.

A question is sought to be raised, that inasmuch as Lyon, the tax-purchaser, died in less than five years after he obtained his tax-deed, and inasmuch as he had, before his death, conveyed the lands to his infant child, that intercepted the possession, and prevented the bar from becoming complete. In aid of this argument it is claimed and shown that the grantee was and still is an infant, and has no guardian. In connection with this it is further testified to, that Mrs. Lyon, the widow, and mother of the infant grantee, administered on the estate of her husband, and that she continued to exercise control of the lands, receiving the rents from the same tenants, who, it is claimed, had first acquired possession as tenants of Lyon, the tax-purchaser. If the tenants entered originally under Lyon, and held under him when he conveyed the lands away, there was no necessity for attornment. Continuing in possession afterwards under a lease or right to occupy, acquired from A. R. Lyon in his life-time, if such be the facts, converted them into tenants of the then holder of Mr. Lyon's title, whether that holder was heir, devisee, or grantee; and that without attornment.—Code of 1876, § 2177; *Boyd v. Hunter*, 44 Ala. 705; *Norwood v. Kirby's Adm'r*, 70 Ala. 397; *Houston v. Farriss & McCurdy*, 71 Ala. 570.

The foregoing questions are the controlling ones in this case, and confine the inquiry to few contested questions of fact.

A great many exceptions were reserved to the rulings of the court on testimony. In excluding from the jury the various papers alleged to have been signed by the tenants, acknowledging that they had originally received possession from Hooper, the court did not err. They were, at most, unsworn statements of a past transaction. But testimony of what Lyon or his

[Wills v. The State.]

brother, or any other person said, as to the purpose for which he said he was going on the lands, or as to rents received, were all inadmissible, and should have been ruled out. Possession is a fact, and must be proved as other facts are proved; by legal evidence. After the cross-examination of the witness Hays, the court should have excluded from the jury his testimony, "that A. R. Lyon collected rent from the place sued for each year from 1871 to 1876." The cross-examination proved this witness had no person knowledge that any rent had been paid for either of those years. All testimony of the class above noted should have been excluded.

Some of the charges are not reconcilable with these views. We need not particularize.

Reversed and remanded.