# Strange & White *v.* King.

*Statutory Action of Ejectment.*

1. *Possession as evidence of title.*—A person who is in possession of land, exercising acts of ownership, has such presumptive right of possession as will enable him to maintain or defeat an action of ejectment against any person who does not show a better title.

APPEAL from Birmingham City Court.

Tried before Hon. H. A. SHARPE.

This was a statutory action of ejectment brought by appellee, King, against one Gentles, tenant of appellants, Strange and White, who were admitted to defend the action. The state of the record title to the property sued for appears in the opinion. There was evidence that at the time King erected the house on the land, he was notified of appellants'

[Strange & White v. King.]

claim thereto; that after the erection of the house, King placed a tenant therein who remained a few weeks; that thereafter without King's knowledge or consent appellants took possession and rented the property to one Gentles. The cause was tried without the intervention of a jury and was decided in favor of King, the plaintiff.

WEBB & TILMAN, for appellants.—1. Plaintiff must recover on strength of his own title, not upon weakness of his adversary.—*Wilson v. Glenn*, 68 Ala. 386; 76 Ala. 387; *Ib.* 134. When suit was brought appellants were in possession under color of title. If plaintiff basis his right to recover on prior possession, he is restricted to doing so alone against a mere, or naked, trespasser.—1 Steward, 600, 601; Sedgw. & Wait on Trial of Title, § 722; *Wilson v. Glenn, supra;* 76 Ala. 134, 387; *State Bank v. Barnes*, 82 Ala. 607; 71 Ala. 110; 73 Ala. 216.

STONE, C. J.—This is a statutory real action, for the recovery of one acre of land in the south-west corner of the north-east fourth of the south-east fourth of section 29, township 17, range 2 west, in Jefferson county. Under a description, fatally imperfect, an acre of land, corresponding to this as to section, and somewhat as to its location in the section, was in 1873, conveyed by one Waits to Henderson and Marcus Hamilton; and there is some proof that they occupied it for a time. They then abandoned it, and went to parts unknown. Neither of the parties to this suit is shown to claim under either Waits or the Hamiltons, and neither party connects himself·with the title or possession of either of them, by any proof shown in this record. The conveyance from Waits to the Hamiltons, and all claim which either of them could assert, we will dismiss from further consideration, as having nothing to do with the case.

The common source of title of each of the parties to this suit—both plaintiff and defendants—was Morgan G. Wood. King, the plaintiff, claims that in 1878, Wood and wife conveyed the land in controversy to him. That deed was lost, and testimony was offered of its contents. Strange and White's claim of title was as follows: In 1880 Wood and wife conveyed to Reed & Meade the north-east quarter of the south-east quarter of said section 29, less about one acre in the *north-east* corner of said quarter-quarter section. Meade conveyed his half interest to Reed in March, 1882,

by the same description. In June, 1885, Reed conveyed the one acre of land sued for to Strange & White, the defendants. So, each claimant traces his title back to Morgan G. Wood. But it is shown that Morgan G. Wood derived his title from David Pearson. That deed is in evidence, bearing date August, 1873. It does convey the north-east quarter of the south-east quarter of said section 29, but it excepts from its operation "one acre in the S. W. corner." That one acre is the land in controversy in this suit. So, neither party connects himself with any paper title coming down from Pearson, the first and oldest claimant shown in this record. The case must be disposed of without any reference to documentary title.

There was no actual taking of possession by either of the parties to this suit, on which to found a right to sue or defend, until King took possession, and commenced improvements, as after shown.—*Doe ex dem. v. Clayton,* 81 Ala. 391.

In 1886 King went upon the disputed one acre, sunk a well, erected a house, and placed a tenant in it. On these facts there is neither conflict nor dispute. These were acts of ownership, and *prima facie* gave him a right of possession against any other person, who could not show a better title. Such possession will both support and defeat an ejectment, against any one who merely shows a later possession, without title to authorize it.—*Anderson v. Melea,* 56 Ala. 621; *Mills v. Clayton,* 73 Ala, 359; *Childress v. Calloway,* 76 Ala. 128; 3 Brick. Dig. 325, § 47.

On the questions discussed above there was no conflict, or uncertainty in the testimony. They show clearly that plaintiff King was entitled to recover. We need not consider the questions raised on the admissibility of oral proof. They neither did nor could change the result of the trial, for the plaintiff was entitled to a judgment on grounds entirely independent of the testimony objected to.

Affirmed.