[Reddick *et al.* v. Long.]

# Reddick *et al.* v. Long.

*Bill to Determine Claim to Land and Reform Deed.*

| 124 | 260 |
|---|---|
| 125 | 108 |
| 124 | 260 |
| 128 | 584 |
| 128 | 615 |
| 124 | 260 |
| 137 | 282 |
| 137 | 337 |
| 124 | 260 |
| 140 | 293 |
| 124 | 260 |
| 142 | 700 |
| 124 | 260 |
| 143 | 345 |

1. *Multifarious; when bill is not.*—A bill which seeks under sections 809-13 of the Code to settle as against claims of defendants the title to lands alleged to be claimed by and in the peaceable possession of the complainant, and to have corrected an alleged mistake in the description of the lands as contained in a sheriff's deed appearing in complainant's asserted title, is not open to objection for multifariousness, since a dispute concerning the title is thus involved and the correction sought is germane if not necessary to its settlement.

2. *Equity; jurisdiction to correct deeds.*—The jurisdiction to equity to correct deeds in matter of description of the property intended to be conveyed, is not confined to conveyances following upon contract; no good reason appears why deeds made in the execution of statutory powers should be excepted from the general equity which exists for the correction of a mutual mistake, and to effectuate the intention of the parties to the instrument.

3. *Sheriff; not proper party to bill to correct deed made by him.*—The correction of a sheriff's deed in the matter of the description of the property conveyed may be effected by the terms of the decree without requiring a re-execution of the deed, and the sheriff having acted only as the instrument of the law in attempting to carry out its mandate, and owning no interest in the property, should not be made a party to the suit.

4. *Execution; could not issue after death of defendant under Code of 1852.*—The remedy for the subjection of lands to *fi. fa.* is wholly statutory; so, where judgment is rendered against a person and he dies before execution is issued thereon, and after his death execution is issued on the judgment, levied on the land of the decedent and the land sold and deed made by the sheriff to the purchaser, the whole proceedings are ineffectual and void, for the reason that at the time there was no law authorizing the issuance of execution on a judgment after the death of the person against whom it was rendered, unless execution had issued on said judgment in his life time. Code 1852, §§ 1930, 2459.

5. Equity will not attempt the useless proceeding of reforming a void deed.

VOL. 124.

6. *Sheriff's deed; when will not be reformed.*—Equity will refuse the reformation of a sheriff's deed where the description of the property in the deed corresponds with the levy, and the deed if altered would not be supported by the levy.

7. *Tax sale of land; when will pass title.*—It is well settled that to make a statutory sale of land for taxes effective to pass title, the substantial requirements of the statutes providing for such sale must be complied with, and that in suits involving such tax title the burden of proving regularity in that respect is on the person claiming under the sale.

8. *Tax deed; when void.*—Where the probate judge executed a tax deed while sections 592 and 593 of the Code of 1886, were in force and failed to acknowledge the same as required by said sections, the deed is not evidence of the recitals therein contained and is void as a conveyance of title.

9. *Same; party claiming under must show tax sale.*—Where a party claims under a tax deed claimed to have been executed to his vendor, and fails to show either that a tax sale was made, or that his vendor ever received or was entitle to receive a deed to the land, he is not aided in a suit against him to recover the land by section 606 of the Code of 1886 which limits actions for the recovery of land sold for taxes to three years.

10. *Void tax deed; color of title.*—Where a tax deed is void for want of acknowledgment as provided by law, it is operative to give color of title to the land described in it, and to draw to the party to whom it is made possession of the whole upon his taking possession of a part.

11. *Sheriff's deed; when void and it fails to describe the land sold; not color of title.*—Where a sheriff's deed is void and also fails to describe the land sold, it does not as a color of title give possession to the whole of the land to the purchaser at the sale who entered into actual and adverse possession of a part of it.

12. *Administrator's deed; ineffective without order of probate court.*—The heir is not divested of his title to a decedent's lands without the decrees of a court based upon proceedings sufficient to confer jurisdiction upon the court to order a sale and conveyance. To uphold the conveyance these proceedings must be shown even on collateral attack; therefore a deed executed by an administrator purporting to be made by order of the probate court is ineffectual to convey the title to the lands of the decedent when there is no proof of proceedings had in the court to authorize the conveyance.

13. *Possession of land; what is not.*—The mere payment of taxes on land and an occasional trip over the land by himself or agent in looking after it will not constitute possession in one claiming to own it.

[Reddick *et al.* v. Long.]

14. *Same;the oldest possession gives best right.*—Where there is conflicting evidence as to acts of possession by two parties claiming the same land, the rule is that where neither party has the true title, the older possession gives the better right, and such right is not defeated by a subsequent entry and occupation by the opposing claimant until it has ripened into title by adverse possession.

15. A joint assignment of error to be availed of by one must be available to all.

APPEAL from Henry Chancery Court.

Heard before Hon. JERE N. WILLIAMS.

Bill in equity by J. B. Long to settle the title to land. There were several defendants, but there was a decree *pro confesso* against all except Jacob Jones and Isham Russ. The complainant asserted title to the land in controversy through a deed executed by the sheriff of Henry county to James W. Balkam and a deed to himself from the administrator of Balkam. He also claimed by adverse possession. The sheriff's deed described the land as being in range 29, when in fact it was in range 27; and the deed was executed in pursuance of the levy of execution on the land as the property of Lewis Gregory and sale thereunder. The defendant Jones relied on a tax deed to one Cohran and a deed from Cohran and wife to himself. He also set up adverse possession. The tax deed described the land as the property of E. E. Gregory, who was one of the heirs of Lewis Gregory. The other facts are set out in the opinion.

·ESPY & FARMER, for appellants.—Decree in an action of this character in favor of the party having the best claim or right to the land.—*Loeb v. Wolff*, 116 Ala. 273; *Wilson v. Durr*, Ib. 125; *Chancy v. Nathan*, 110 Ala. 254. (2). Sale of land of Lewis Gregory after his death was void.—*Enslen v. Wheeler*, 98 Ala. 200; 1 Brick. Dig., p. 893. (3). Long had no adverse possession.—*Eureka Co. v. Norment*, 98 Ala. 181; *Wiggins v. Kirby*, 106 Ala. 262; .*Alexander v. Savage*, 90 Ala. 385. (4). Adverse possession of a part, if he had it, did not give possession of the whole of the land—the sheriff's deed not correctly describing the land.—*Jackson v. Woodruff*; 13 Am. Dec.

535; *Brady v. Huff,* 75 Ala. 80; *Early v. Smith,* 39 Ala. 38.

JAS. G. COWAN and OATES & DENT, *contra.*—The deed should be corrected even if the sale was void; it is color of title, and when it can be shown that it can be used for a useful purpose, the principle that a court of equity will not do a useless thing will not apply.—*Parker v. Parker,* 88 Ala. 362. (2). Tax deed void without acknowledgment.—*Jackson v. Kirksey,* 110 Ala. 547. (3). Statute of limitations does not run in favor of tax deed unless it is executed and delivered in conformity to law. *Smith v. Cox,* 22 So. Rep. 78.

SHARPE, J.—The bill seeks under the act of December 10, 1892, which forms substantially sections 809 to 813 of the Code, to settle as against claims of defendants, the title to lands alleged to be claimed by and in the peaceable possession of the complainant, and to have corrected an alleged mistake in the description of the lands as contained in a sheriff's deed appearing in the chain of complainant's asserted title. A dispute concerning the title is thus involved and the correction sought is germane if not necessary to its settlement, so that the subject matter is one, and is not open to objection for multifariousness.

The jurisdiction of equity to correct deeds in matter of description of the property intended to be conveyed, is not confined to conveyances following upon contract. No good reason appears why deeds made in the execution of statutory powers should be excepted from the general equity which exists for the correction of a mutual mistake and to effectuate the intention of the parties to the instrument. In affirmation of the court's power in this class of cases it was said in *Gardner v. Moore,* 75 Ala. 394, "there are cases opposed to this view, but we are of the opinion that they do not announce the better doctrine." A sheriff's deed may be so corrected.—Devlin on Deeds, § 1432; *Zingsen v. Kidd,* 29 N. J. Eq. 516; *Vanderbeck v. Perry,* 28 Ib. 367. In such a case the correction may be effected by the terms of the decree without requiring a re-execution of the deed, and the sheriff hav-

ing actd only as the instrument of the law in attempting to carry out its mandate, and owning no interest in the property, should not be made a party to the suit.

The demurrer was properly overruled, but passing to the proof it is apparent that the court erred in decreeing a correction of the deed.

The remedy for the subjection of lands to *fi. fa.* is wholly statutory. Lewis Gregory died in 1864 or 1865. By the statute in force then and when the proceedings were had in the attempted enforcement of the judgment against him, there was no authority for the issuance of execution unless one had been issued and received by the sheriff during his lifetime.—Code of 1852, § § 1930 and 2459; R. C. § § 2289 and 2875. It does not appear that execution was ever issued upon this judgment until 1866. Another was issued and levied in 1867, and the next, being the one under which the last levy and the sale were made, was issued in 1869. The writ was therefore unauthorized and conferred no authority to levy or sell. *Brown v. Newman,* 66 Ala. 275; *Hendon v. White,* 52 Ala. 597; *May v. Parham,* 68 Ala. 252; *Enslen v. Wheeler,* 98 Ala. 200.

Unsupported by a prior valid execution the sheriff's deed is a nullity and could pass no title to the property. Nor would its reformation now be retroactive as color of title to give constructive possession to lands not originally described. Equity will not attempt the useless proceeding of reforming a void deed.—*Martin v. Dollar,* 32 Ala. 422.

Another reason for refusing the reformation is that the description of property in the deed corresponds as it should do, with the levy, and the deed if altered so as to describe the lands as lying in range 27 would not be supported by the levy.

The defendants Jones and Russ by their answers put in issue all the matters concerning which the bill prays relief, but they specify claims of title in themselves respectively only in 320 acres of the land forming the s. ½ of section 20. Russ makes no attempt to sustain his claim by proof, so that the real controversy is between the complainant and Jones concerning the half section mentioned.

The title relied on by Jones begins with a tax deed received by one Cohran dated July 24, 1890, purporting to have been made pursuant to a sale of the land made May 14, 1888, for taxes due from E. E. Gregory, who is mentioned in the proof as one of Lewis Gregory's heirs. The tax deed is succeeded by one from Cohran and wife to Jones dated Sept. 7th, 1893.

It is well settled that to make a statutory sale of land for taxes effective to pass title, the substantial requirements of the statutes providing for such sale must be complied with and that in suits involving such tax title the burden of proving regularity in that respect is on the person claiming under the sale.—*Johnson v. Harper,* 107 Ala. 706; *Clark v. Rowan,* 53 Ala. 400; *Childress v. Calloway,* 76 Ala. 128. No proof appears in the record that any of those requirements were observed unless it is found in the alleged deed and its recitals, and from them there are important omissions; notably, the required advertisement of sale, which is a step essential to the validity of the sale.—*Johnson v. Harper, supra.* It is needless to look for these omissions however, for the instrument never having been acknowledged by the probate judge is not in compliance with sections 592 and 593 of the Code of 1886 then in force and therefore is not evidence even of the facts which are recited.—*Bolling v. Smith,* 79 Ala. 535. The same defect is fatal to the validity of the instrument as a conveyance of title.—*Jackson v. Kirksey,* 110 Ala. 547. The defendant Jones has wholly failed to show either that a tax sale was made or that his vendor Cohran ever received or was entitled to receive a deed to the land and therefore is not aided by section 606 of the Code of 1886, which limited actions for recovery of land sold for taxes, to three years. He is without documentary title, and such rights as he has as against the complainant proceed from the color of title given by Cohran's deed to him, and Cohran's tax deed, together with such possession as was had under those deeds.

The body of the tax deed was in form a conveyance of the half section in dispute and though void as such for want of acknowledgment, it was operative to give Cohran color of title to the tract, and to draw to him possession

·of the whole upon his taking possession of a part.—*Childress v. Callway, supra.*

The evidence shows, though not without conflict, that Cohran claiming under that deed, about January, 1891, leased the land to one Mathis who used it as a turpentine farm, boxing some trees and gathering the turpentine and doing other things incident to such farming for ·about two years, when he transferred his lease to one Slocum who carried on the business for about one year, pending which Cohran made his deed to the defendant ·Jones. The possession of his lessee was the possession ·of Cohran. His deed to Jones had effect to transmit to Jones all rights which Cohran had acquired by posses· sion and color of title and to make them available to ·Jones as they would have been to Cohran in establish· ing priority of possession.

As we have seen, the deed introduced by complainant in support of his title made by the sheriff to Balkum is void. It did not describe the land in dispute and therefore did not operate to give Balkum possession of the unoccupied part.—*L. & N. R. R. Co. v. Boykin,* 76 Ala. 560; *Jones v. Pelham,* 84 Ala. 208. The proof shows that he had actual and adverse possession through his ·tenant Hughes of about fifteen acres for more than ten years, a period sufficient to perfect in him ownership of that part. But complainant has not connected himself with Balkum's possession of claim, for though he exhib· its a deed dated November 3rd, 1891, purporting to be a ·conveyance to him by order of the probate court from ·the administrator of Balkum's estate, there is no proof of ·proceedings had in that court to authorize the convey- ·ance. The heir is not divested of his title to a decedent's lands without the decrees of a court based upon proceed- ings sufficient to confer jurisdiction upon the court to ·order a sale and conveyance. To uphold the conveyance ·those proceedings must be shown even on collateral at- ·tack. Among the numerous decisions of this court so de- ·claring are *Robertson v. Bradford,* 70 Ala. 385; *Welburn· v. McCalley,* 63 Ala. 430; *Pollard v. Hanrick,* 74 Ala. ·334; *Warnock v. Thomas,* 48 Ala. 463; *Doe v. Hardy,* 52 Ala. 291.

[Reddick *et al.* v. Long.]

The administrator's deed properly described the land and gave the complainant color of title but no actual title. The proof does not show acts sufficient to establish possession on his part prior to that of Cohran. The mere payment of taxes and an occasional trip over the land by himself or his agent in "looking after" it, did not without more constitute possession.

There is conflicting evidence as to acts of possession by both the parties after 1893. It appears that in January, 1896, complainant completed a house on the land and during part of that year had a tenant in the house. Jones testified that he also put a tenant in the house in 1896, but does not know how long he stayed. When the bill was filed and for several months previously complainant had a tenant in the house, and for a shorter time, Jones had had an employé or tenant cultivating a small part of the land. Both parties paid taxes and there was no abandonment of claim on the part of either at any time.

The rule is that where neither party has the true title, the older possession gives the better right, and such right is not defeated by a subsequent entry and occupation by the opposing claimant until it has ripened into title by adverse possession.—*Mills v. Clayton,* 73 Ala. 359; *Strange v. King,* 84 Ala. 212; *Anderson v. Melear,* 56 Ala. 621; 1 Am. & Eng. Ency. Law, 870.

All the defendants excepting Jones and Russ allowed the bill to be taken as confessed and therefore the decree as against them was proper. Russ assigns errors with them jointly, but assigns none separately and under the rule that a joint assignment of errors to be availed of by one must be available to all, he is not entitled to a reversal. As to the defendants, excluding Jones, who assigns error separately, the decree will be affirmed except in respect of costs. So far as it grants relief against Jones the decree will be reversed and one will be here rendered denying the relief sought as against Jones in respect of the correction of the sheriff's deed, and establishing in Jones as against the complainant, the right and title in and to the mentioned south half of section 20, township 1, range 27, and establishing as against all the defendants the right and title in the complainant, of

the remainder of the land concerning which the bill seeks relief. The decree will also direct that the costs accruing in the chancery court before the appeal, be paid, three-fourths by the complainant and one-fourth by the defendant Russ, and that the costs of the appeal, and in this court be paid one half by the complainant and the remainder by the defendants, excepting Jones.

Affirmed in part and in part reversed and rendered.