# Barrett, *et al.* *v.* Doe ex dem. McCarty.

## *Ejectment.*

(Decided Nov. 12, 1906. 48 South. 49. Rehearing denied Dec. 24, 1908.)

1. *Ejectment; Evidence; Deeds.*—Where it did not appear that the defendant's grantors were in possession of the land at the time of the execution of the deed, the deed was properly excluded, the facts being that neither party had the legal title and that plaintiff had the prior possession.

2. *Same; Prior Possession.*—Where the question under the evidence was one of prior possession, and the undisputed evidence showed that plaintiff had the prior possession, the court properly instructed a finding for the plaintiff.

3. *Same; Older Possession as Giving Better Right.*—Where neither party has the true title the prior possession gives the better right and such right is not defeated by a subsequent entry and occupation until such entry and occupation ripens into title by adverse possession.

4. *Appeal and Error; Joint Assignment; Requisites.*—Where the assignment of error is joint, error must appear as to both assignors to be available.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

29 R

[Barrett, et al. v. Doe ex dem. McCarty.]

Action by John Doe, on the demise of Stephen J. Mc-Carty, against Richard Doe, Thomas C. Barrett, and others. From a judgment for plaintiff, defendants appeal. Affirmed.

SULLIVAN & STALLWORTH and ERVIN & McALEER, for appellants. The sheriff's deed was subject to the objections interposed to it.—*Ayers v. Roper,* 111 Ala. 652; Sec. 2419, Code 1852. The city Atlas was not shown to be a true or correct representation of the property sued for.—*Humes v. Bernstien,* 72 Ala. 553. The defendant was entitled to have in evidence the deed offered by him. —*Stephens v. Reeves,* 92 Ala. 583. The appellant was entitled to the general charge.—*Sabberiego v. Maverick,* 124 U. S. 261.

Counsel discuss and insist on other assignments of error, but without citation of authority.

BESTOR, BESTOR & YOUNG and L. H. & E. W. FAITH, for appellees. The objection that the deeds were not properly acknowledged is not tenable.—Clay's Digest, p. 151, et seq. Being ancient deeds and having been recorded long ago they are admissible as such.—*Bernstein v. Humes,* 75 Ala. 241; S. C. 78 Ala. 134. The claim being through a sheriff's deed it was necessary to make proof of judgment, execution levy and sale.—*Ware v. Bradford,* 2 Ala. 676; *Goddon v. Bell,* 50 Ala. 213. The minute book was therefore properly admitted.—*Ayers v. Roper,* 111 Ala. 654. The recitals in the sheriff's deed was competent and legal evidence of the original papers and final record, they having been shown to be lost.—*Baucum, et al. v. George,* 65 Ala. 259; *Boatwright v. Porter,* 32 Ga. 130; *Rollins v. Henry,* 78 N. C. 342; *Maxhim v. Place,* 46 Vt. 434; Wigmore Evidence, Vol. 111, Sec. 1664. At most the judgment was only dormant. Code 1852, Sec.

[Barrett, et al. v. Doe ex dem. McCarty.]

2418-21. The sale thereon was voidable only.—*Leonard v. Brewer,* 86 Ala. 390; *Deloach v. Robbins,* 102 Ala. 288; *O'Bryan Bros. v. Davis,* 103 Ala. 433; 121 Ala. 84; 16 Wis. 490; 163 N. Y. 65; 17 Cyc. 1008. The question to Bart was competent.—*Barrett v. Kelly,* 131 Ala. 378; Wigmore, vol. 111 p. 2602.

DOWDELL, J.—This is a common-law action of ejectment. Only one demise was laid in the complaint, and that was in S. J. McCarty. The plaintiff, in support of his right to recover, relied upon both prior possession and paper title. Many exceptions were reserved by the defendants to the rulings of the court, and here assigned as error, on the admission of documentary evidence offered by the plaintiff as tending to show a chain of paper title reaching back from the plaintiff to the government. But the view we take of the case renders it unnecessary to consider these assignments.

The undisputed evidence shows that one Tisdale, in 1898, while in the actual possession of the land in question, claiming the ownership of it, conveyed the same by deed to Miles E. McCarty, and that said Miles E. McCarty, in 1901, by his last will and testament, devised the said land to the plaintiff, S. J. McCarty. This evidence was in without any objection, and unquestionably established a prima facie case in favor of the plaintiff. The defendants admitted by their own evidence that their possession was subsequent to this. The defendant Thomas C. Barrett testified that he went into possession of the land in 1904, and that when he took possession of the lot it was vacant, and that he inclosed it with a fence; and in this connection he offered in evidence a deed from N. Harleston Brown to the said Thomas C. Barrett, of date July 22, 1904. There was no pretense that Brown, the grantor in said deed, was

in possession of said land when he executed the same. and on plaintiff's objection the court excluded the deed. The defendants also offered in evidence a certified copy of a deed from one Campbell to Brown, of date in June, 1858, but without any offer to show that either Campbell, the grantor, or Brown, the grantee, had ever at any time been in possession of the land, and on plaintiff's objection this deed was excluded. In these several rulings no reversible error was committed.

On the conclusion of the evidence the court, at the request of the plaintiff, gave the general affirmative charge. In this there was no error. As the evidence then stood, the question was one of prior possession. The undisputed evidence showed prior possession in the plaintiff. The law is well settled that, "where neither party has the true title, the older possession gives the better right; and such right is not defeated by a subsequent entry and occupation by the opposing claimant, until it has ripened into title by adverse possession."—. *McCreary v. Jackson Lumber Co.,* 148 Ala. 247, 41 South. 822; *Reddick v. Long,* 124 Ala. 267, 27 South. 402; *Higdon v. Kennemer,* 120 Ala. 198, 24 South. 439; *N. C. & St. L. R. R. v. Mathis,* 109 Ala. 382, 19 South. 384; *Strange v. King,* 84 Ala. 212, 4 South. 600; *Mills v. Clayton,* 73 Ala. 359.

But apart from the foregoing considerations, and all other questions raised on the record, there is one that is fatal to any right of the appellants to a reversal on this appeal. The appeal is sued out jointly by both of the defendants. The assignments of error are jointly made. There is nothing in the record of which the defendant John P. Barrett has any right to complain. He is confessedly a bare, naked trespasser, with not the slightest pretense under the evidence of any right of possession. Where the assignment of error is joint,

error and injury as to both must appear. Such is not the case here.—*Beachman v. Aurora Silver Plate Co.,* 110 Ala. 555, 18 South. 314.

The judgment appealed from will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.