# Fletcher, *et al. v.* Riley.

## *Ejectment.*

(Decided·June 30, 1910.   Rehearing denied Dec. 22, 1910.
53 South. 916.)

1. *Appeal and Error; Parties; Joint; Description.*—The judgment in this case examined and held a joint judgment against both defendants supporting a joint appeal and assignment of errors.

2. *Ejectment; Title to Support.*—In ejectment the plaintiff must prevail on the superior strength of his own title and not upon the weakness of that of his adversary.

3. *Same; Prior Possession; Color of Title.*—Mere color of title does not give, constructively, actual possession, so as to support ejectment.

4. *Same; Against Trespassers.*—Actual possession under color of title is sufficient to support recovery as against an intruder or trespasser.

5. *Same; Prior Possession; Continuance.*—Where the evidence shows some actual possession in plaintiff and his grantors prior and up to the time of the entry by defendant or his grantors, it is not encumbent on plaintiff to show a possession continuing up to the time of the defendant's entry animus revertendi.

6. *Same; Evidence.*—Under the evidence in this case it is held to be a question for the jury as to whether plaintiff or her grantors was in actual possession of the land under color of title prior to and at the time of the assumption of actual possession by the grantor of the defendant, or by the defendant himself under asserted rights.

7. *Same.*—The receipts being the best evidence, a witness was improperly allowed to state that he knew his father paid the taxes on his place for he saw the receipts.

8. *Same.*—Where a witness was examined in reference to an alleged deed to plaintiff's predecessor in title, the purport and the contents of the deeds were not admissible without proper predicate being laid for the admission of secondary evidence.

(Dowdell, C. J., and McClellan, J., dissent as to the judgment.)

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by M. M. Riley against J. H. Fletcher and others.   Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The judgment, so far as is necessary to be set out is as follows: "On this day came the parties in question and by attorney, and issue being joined upon the defendants plea of not guilty, as appears of record, and his suggestion of three years adverse possession under color of title and permanent improvements thereon, thereupon came a jury of good and lawful men, to wit, J. B. Jones, foreman, and eleven others, who, being legally impaneled, charged, and sworn, upon their oaths do say: 'We, the jury, find for the plaintiff for the lands sued for. We find for defendant on his suggestion of adverse possession of three years under color of title or claim of right. We assessed the value of the permanent improvements to be $125.00. We find the value of the land without the improvements to be $1,280.00.' It is therefore considered and adjudged by the court that the plaintiff do have and recover of the defendant the land sued for and described in the complaint as follows: (Here follows the description.) For which let writ of possession issue upon the payment by plaintiff to the defendant the sum of $125.00, the value of the permanent improvement as fixed by the jury. It is further ordered and adjudged by the court that the plaintiff have and recover of the defendant all the costs in this behalf expended, for which let execution issue. It is further considered and adjudged by the court that, should the defendant wish to appeal this cause to the Supreme Court and wish to supersede the execution of the judgment herein, that they execute bond, with good and sufficint sureties, payable to the clerk, in the sum of $200.00, with the condition that, if they fail in the appeal, they will pay such judgment as the Supreme Court may render in the premises, and all such costs and damages as any party aggrieved may sustain by reason of the wrongful appeal or suspension of the execu-

[Fletcher, et al. v. Riley.]

tion of the judgment." The caption of the judgment is as follows: "M. M. Riley v. Fletcher."

FOSTER, SAMFORD & PRESTWOOD, and A. WHALEY, for appellant. The judgment was a joint judgment and as such will support a joint appeal and a joint assignment. —*Bolling v. Speller,* 96 Ala. 269; *Thompson v. Boswell,* 97 Ala. 570; *Kent v. Mansel,* 101 Ala. 334; *Brunson v. Brooks,* 66 Ala. 248. The Code authorizing the procedure here attempted does not authorize the tenant to have the landlord made the sole party defendant to a suit. —*McLendon v. Equitable M. Co.,* 122 Ala. 384. Upon the general question as to who are parties, see 1 Freeman on Judgment, Sec. 154; 6 Baxter 61; 7 Heitst. 8; 89 Va. 767; 6 Dana 315; 8 Dana 43. That the use of the singular in the judgment does not eliminate Ammons as a party to this cause, we cite *Blackmon v. Moore H. Co,* 106 Ala. 459; *Baldridge v. Eason,* 99 Ala. 516; *Renfroe v. Willis,* 67 Ala. 488; *Dollins v. Pollack,* 89 Ala. 351; *Vinegar B. L. Co. v. Hamilton B. S. Co.,* 129 Ala. 271; *Washington v. Arnold,* 52 So. 463. The court erred in refusing written charge I.—*McCrary v. Jackson L. Co.,* 41 So. 882; *Fletcher v. Riley,* 42 So. 548. The evidence as to the payment of the taxes was secondary evidence and should have been excluded. The court erred in permitting Lewis to testify that he had seen a deed to the land to Morgan H. Riley. Counsel discuss other errors assigned, but without citation of authority.

JAMES F. JONES, and S. H. GILLIS, for appellee. The appeal and the assignment of errors are joint while the judgment is against only one defendant, and hence, the case should be affirmed.—*Rowe v. doe ex dem. McCarty,* 48 So. 49. Where assignments of error are joint error and injury as to both must appear.—*Beacham v. Aurora S. P. Co.,* 110 Ala. 555.

[Fletcher, et al. v. Riley.]

McCLELLAN, J.—Riley instituted statutory ejectment against J. H. Fletcher and E. B. Ammons. So far as this record shows, Fletcher alone interposed defenses in the cause. From the bill of exceptions it appears that Ammons was the tenant of Fletcher, and that Ammons suggested this fact to the court. The appeal was taken by both Fletcher and Ammons, and errors are jointly assigned by both appellants.

Counsel for appellee makes and insists upon the point that the judgment appealed from was not rendered against Ammons, but against Fletcher only, and that, hence, Ammons has nothing of which to complain, and that, accordingly, on joint assignment of error, an affirmance must result, as was expressly ruled in *Barret v. McCarty,* 157 Ala. 449, 48 South. 49, and, in principle, in *Beacham v. Aurora Company,* 110 Ala. 555, 18 South. 314. The judgment, so far as at present important or pertinent, will be set out in the report of the appeal.

Justices Simpson, Anderson, Mayfield, Sayre, and Evans are of the opinion, and so hold, casting the decision of the question, that the judgment is against both Fletcher and Ammons, and hence that the stated rule with respect to joint assignments of error is not applicable. Chief Justice Dowdell and the writer entertain the opinion that the judgment is against Fletcher only, and hence would hold that an affirmance should follow, from the application of the sound rule asserted for appellee.

The construction of this judgment is of sufficient importance to justify a statement of the dissenting view on this point. Both Fletcher and Ammons were sued, and service upon both was directed. *Fletcher only pleaded in the cause.* Ammons, the bill of exceptions shows, suggested his tenancy under Fletcher. As clear-

[Fletcher, et al. v. Riley.]

ly appears from the whole transcript, apart from the judgment entry, Ammons was treated as having thereupon disappeared from the case. Fletcher himself on his examination stated, "I am the defendant." The present inquiry has no controlling factor in this apparent ignoring of Ammons as a party to the cause. There is no proper invitation here to review error of the court, if any, in thus ignoring Ammons as a party. The plaintiff is not complaining. So the sole question, in this connection, is, not what the court *ought* to have done, but what the court did do—*against whom* did it render judgment? The omission to observe this distinction in considering the question must, obviously, lead to an unsound result.

The caption of the judgment is, "M. M. Riley v. J. H. Fletcher." In the body of the judgment the parties, plaintiff or defendant, are not specifically named. In such cases the *caption*, as well as the process and pleading (if the judgment is ambiguous as to those against whom or in whose favor it concludes), may be looked to in order to ascertain the facts as to who *appeared* and for or against whom the judgment was rendered.— *Puckett v. Pope,* 3 Ala. 556; *Catlin, Peeples & Co. v. Gilder's Ex'rs,* 3 Ala. 542; *Gilbert v. Lane,* 3 Port. (Ala.) 267; *Wheeler v. Bullard,* 6 Port. (Ala.) 352; *Owings v. Binford,* 80 Ala. 421. See, also, 1 Freem. on Judgments, § 155. Our more recent decisions of *Bolling v. Speller,* 96 Ala. 269, 11 South. 300, does not conflict with the line of authority to which the citations made belong, holding that, even on the jurisdictional question of *appearance,* the *caption* may be properly considered and given weight, though, of course, not always a controlling influence. This much is said out of deference to the insistence of counsel that the *caption* should not be considered on the inquiry; and, as appears from many rulings here, the insistence cannot be approved.

So the *caption* does not include Ammons. When reference is had to the body of the judgment, the *caption's* accuracy and verity is demonstrated. The rule with us is that singular and plural are not permitted to control construction in opposition to an, otherwise, expressed intent. In the judgment it is recited, "Issues being joined upon defendant's plea of not guilty, *as appears of record*, and his suggestion of three years adverse possession under color of title and permanent improvements. * * *" The plea of not guilty, to which the judgment entry refers as being "of record," was filed solely by J. H. Fletcher. Its caption is, *"M. M. Riley v. J. H. Fletcher, et al."* It reads, omitting the formal parts: "Comes the defendant, J. H. Fletcher, and for plea to the complaint in this cause pleas and says. * * *" That is the only plea in the record.

Now, as to the suggestion of adverse possession and permanent improvements, mentioned in the judgment entry, this is found in the first part of the bill of exceptions only, and is recited in this connection and as follows: "Defendant Ammons suggests that he is the tenant of the defendant Fletcher of the lands sued for in this cause. Defendant Fletcher pleads the general issue, and suggests three years adverse possession under color of title with permanent improvements." These recitals, in the judgment entry and in the bill of exceptions, and the fact that Fletcher alone interposed the plea of the general issue, render it certain to every intent that the *only issues* on the trial were those raised by Fletcher's plea and suggestion, and the allegations of the complaint, on which issues Ammons was, as affirmatively appears, not a contender.

Without elaborating further, it will suffice to say that reference to the judgment entry, as a whole, will show that the jury's verdict and the judgment following it

specifically responded to the issues thus made alone by Fletcher. The correct resolution of this matter should be tested by the answer to this question: Could the execution for costs, imposed below in this litigation, validly run against, and be satisfied out of the estate of, Ammons? If not, the majority are mistaken in their conclusion. That such process could not validly issue, on this judgment, admits, as we view the matter, of no doubt.

Now, as to the merits of the appeal: The report of this case on former appeal appears in 148 Ala. 236, 42 South. 548. On one phase the controversy depended in result upon possession. The plaintiff must prevail upon the strength of her superior right, not on the weakness of that of her adversary, Fletcher. She is the wife of a grandson of Morgan H. Riley, viz., J. A. Riley. His father was W. J. Riley. Morgan Riley died about 1880. There is evidence tending to show that W. J. Riley was "in possession of the land in question up to his death." J. A. Riley testified that he "went into possession in 1880. W. J. Moseley made me a deed, and I have been in possession ever since. I sold it to my wife" (plaintiff). It seems that Moseley bought at an alleged sale of this land, in the course of administration of the estate of Morgan H. Riley. The conveyance to Moseley, as well as that by Moseley to J. A. Riley, was offered and introduced in evidence as color of title only. The conveyance by J. A. Riley to his wife, plaintiff, was executed in 1894, and promptly filed for record.

There was evidence tending to show possession of the land by Morgan H. Riley before 1860, and by W. J. Riley prior and up to 1860. It was also shown that "W. J. Davis was in possession of the land seven or eight years as administrator of Morgan H. Riley's estate." "Mere color of title does not give constructively actual

possession."—*Gist v. Beaumont*, 104 Ala. 347, 352, 16 South. 20, 21 collating on the last-cited page many of our decisions supporting the pronouncement. As against an intruder or trespasser, a plaintiff in actual possession under color of title is entitled to recover.—*Dodge v. Irvington Land Co.*, 158 Ala. 91, 48 South. 382, 32 L. R. A. (N. S.) 1100. And in the last-cited decision it was ruled that a defendant, though assuming actual possession under color of title, was within the doctrine applied, as stated, against a mere intruder or trespasser.

From the War up to 1899 the land was wild and uncultivated; but, as stated, there was some evidence of actual possession by plaintiff and by her grantor prior and up to the entry by Fletcher or Henderson, thus taking the case out of the influence of the rule stated in the second headnote in the report of the former appeal. Applying the doctrine stated, the evidence, while, of course, not conclusive, made it an issue of fact for the jury whether plaintiff, or her grantor, was in actual possession of the land under color of title prior to and at the time of Henderson's (who was Fletcher's grantor) assumption of actual possession, or that of Fletcher, his successor in asserted right. The court below took this view, and submitted the issue to the jury.

The voluntary statement of the witness J. A. Riley, viz., that his father paid the taxes on the place, *for* he saw the receipts, should have been excluded on the motion made to that end. The receipts were the best evidence of the asserted fact, unless the witness himself knew as a fact, not as an inference or conclusion from the receipts, that his father paid the taxes referred to. The court erred in overruling the motion to exclude.

The testimony of the witness Lewis in reference to the alleged deed from E. Riley to Morgan H. Riley should have been disallowed. It was secondary evidence. No

predicate for recourse to such secondary evidence of the purport and contents of that alleged deed was laid. In admitting that evidence the court erred.

For the errors stated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, ANDERSON, MAYFIELD, SAYRE, and EVANS, JJ., concur. DOWDELL, C. J., and McCLELLAN, J., dissent, as indicated, in respect to the construction of the judgment appealed from.