# Rogers *v.* Keith, *et al.*

## *Ejectment.*

(Decided Nov. 15th, 1906. 42 So. Rep. 446.)

1. *Ejectment; Evidence; Receipt for Purchase Money.*—Where the plaintiff claimed under a purchase from the State, a receipt for the purchase money from the State Treasurer, was admissible as tending to show that plaintiff's possession was under a bona fide claim of purchase, and not that of a bare trespasser, nor in subordination to the claim of someone else.
2. *Same; Color of Title; Defective Deed.*—A deed is admissible to show color of title, where there is parol proof, admissible of itself, showing the possession of land under a claim of purchase, and the deed, when taken in connection with such proof, defines with certainty the extent and boundary, although the deed is void and inadmissible for failing to show the relation of the land to a base line and meridian, where there was more than one section, township and range of the numbers given in the same county, when offered as muniment of title, and not rendered certain by other descriptive matter therein.
3. *Same; Tax Title; Effect of Deed Founded on Erroneous Assessment.*—A deed from the State Auditor based on a purchase at a tax sale founded on an assessment of the property as the property of one who had neither the title to the land nor claimed to have, but acted solely as the agent of the other, was inadmissible as evidence of title.

4. *Same; Right of Action; Prior Possession.*—One in prior posses-
   sion of land or exercising ownership thereof may maintain
   ejectment upon that fact alone against one afterwards found
   in possession, unless the latter shows paramount title in him-
   self or in some other person.

APPEAL from Mobile Circuit Court.
Heard before HON. SAMUEL B. BROWNE
Suit by Margaret Keith, et al., against John H. Rogers
to recover possession of certain lands in statutory eject-
ment. The facts sufficiently appear in the opinion of the
court.

FREDERICK G. BROMBERG, for apellant.—There can be
no adverse possession by color of title under a deed un-
certain in description.—*Black's Case,* 109 Ala. 112;
*Railroad Co. v. Boykin,* 76 Ala. 560. The description in
appellee's deed is uncertain.—2 Devlin Deeds, p. 316.
The court judicially knows the survey of public lands.—
*Ledbetter v. Baldwin,* 128 Ala. 418. The lands being
described on the assessment book as those of "P. J. Ro-
per Estate," the assessment is void.—*Scott v. Brown,*
106 Ala. 604; *Jackson v. King,* 82 Ala. 432. A tax sale
cannot be corrected by showing a variation from the
description in the assessment.—*Driggers v. Cassidy,* 71
Ala. 529; 3 Mayfield's Digest, 143. There can be no re-
covery in ejectment under a deed where the land therein
described is variant from the land in the complaint.—
*Hass v. Ridder,* 117 Ala. 525; *Morring v. Tipton,* 126
Ala. 350; *Ledbetter v. Baldwin, supra.* Actual occu-
pancy of land is necessary in connection with color of ti-
tle.—*Gist v. Beaumont,* 104 Ala. 237; *National Bank v.
Baker Hill Co.,* 108 Ala. 635. The sale to the State for
non-payment of taxes completely interrupted the pos-
session of appellee.—Sedwick & Waite, Trial of Title,
pp. 134-5. The appellees being strangers to the assess-
ment cannot collaterally assail the tax sale.—*Driggers
v. Cassidy,* 71 Ala. 529. On the question of adverse pos-
session the facts are exclusively for the jury.—*Black v.
Tennessee C. & I. Co.,* 83 Ala. 113. The affirmative charge
should have been given for the defendant as plaintiff
failed to make out their case.—*Edmundson v. Anniston
City Land Co.,* 128 Ala. 595. Charge 1 should have been

[Rogers v. Keith, et al.]

given for defendant.—*Black's Case, supra; Railroad Co. v. Boykin, supra.* Charge 4 should have been given.—*Alexander v. Savage,* 90 Ala. 383.

J. M. CLOUD and SULLIVAN & STALLWORTH, for appellee.—The description in the deed can be completed by parol testimony.—*Bullock v. Malone,* Minor 44; *Rayburn v. Elrod,* 43 Ala. 700; *Simms v. Thompson,* 30 Ala. 158; *Barron v. Barron,* 122 Ala. 209; *Heifner v. Porter,* 12 Ala. 470; *Webb v. Mullens,* 78 Ala. 111; *Webb v. Eleyton Land Co.,* 105 Ala. 475; *Black v. Railroad Co.,* 93 Ala. 109; *O'Neill v. Seixas,* 85 Ala. 80. A deed is not void if the precise property which was intended to be conveyed can be located by parol evidence.—*Cottingham v. Hill,* 119 Ala. 353; *Chambers v. Ringstaff,* 69 Ala. 140. In any event the deed was admissible as color of title.—*Reddock v. Long,* 124 Ala. 260. Possession is a fact the witness may testify to.—*Steed v. Knowles,* 97 Ala. 579. There was proof of actual occupancy by plaintiff and their predecessor in interest.—*Reddock v. Long, supra; Norment v. Eureka,* 98 Ala. 189. Such possession once shown is presumed to continue.—*Clements v. Hayes,* 96 Ala. 280. An erroneous assessment to one other than the owner is a void assessment.—*Crook v. Anniston,* 93 Ala. 4; 58 Ala. 46; 78 Ala. 488. A sale based on an erroneous assessment is void.—Authorities next above. The court porperly gave the affirmative charge for plaintiff.—*Reddock v. Long, supra; Strange v. King,* 84 Ala. 212; *Payne v. Crawford,* 102 Ala. 399.

HARALSON, J.—The suit was brought by Margaret Keith and others against John H. Rogers, to recover possession of the N. 1-2 of section 34, township 2 N., range 1 W., in Mobile county. Plaintiffs are the heirs at law of John Keith, deceased. There was evidence that said Keith went into possession of the lands in 1885, claiming under a purchase from the state; that his possession continued until his death in 1887, and that thereafter plaintiffs, through their agent, continued in possession under claim through their father. Plaintiffs then offered in evidence a receipt from the State Treasurer for the purchase money paid by John Keith to the state, and also a

deed from the Auditor. The admission of these papers is assigned as error and insisted upon by appellant's counsel.

There was no error in admitting the receipt in connection with the other evidence of purchase. It tended to show that the possession was under a bona fide claim of purchase, and not in subordination of the title of some one else, nor the possession of a bare trespasser.

The deed from the State Auditor, admittedly insufficient as a muniment of title for the want of an acknowledgment or subscribing witness, was offered and admitted as color of title only. The description of the deed is as follows: N. 1-2 of Sec. 34, township 2, range 1, Mobile, county. It will be noted there is an omission to state whether the township is north or south of the base line, and east or west of the meridian used in the government surveys. The deed recites that the lands were assessed and sold for taxes as the property of the J. A. Roper estate, but there was no evidence that the lands in suit belonged to such estate. It is insisted that as there are more than one section, township and range in Mobile county of the numbers given and that the deed is void for uncertainty of description, and, therefore, inadmissible as evidence.

Such an instrument, if offered as a muniment of title, and not rendered certain by other descriptive matter therein, is void and inadmissible.—*Brannan v. Henry,* 142 Ala. 698, 39 South. 92; Devlin on Deeds, 1010.

Is it for like reasons inadmissible as color of title? The general rule is, "If the deed offered is void because of the uncertain and indefinite description of the land conveyed, such a deed would not convey (operate as) color of title, and possession under it would be limited to 'Possessio pedis.'"—*Brannan v. Henry, supra,* and authorities there cited. The reason for this rule is found in the purposes for which color of title is received in actions of ejectment founded upon prior possession, or title by adverse possession. These purposes are, first, to show that the possession originated and continued under claim of right; second, to define the extent of possession. Actual possession of a portion is considered as extending to the boundaries named in the color of title under

[Rogers v. Keith, et al.]

which possession is held. If the instrument does not describe the lands it cannot shed light upon the character of possession asserted, neither can it determine the boundaries of such possession when it does not define the boundaries.

Keeping in view the reason of the rule as stated, we proceed to consider the instrument before us. The defect of description here is not the extent or area of lands sought to be conveyed. It calls for a half section of land —a named section, township and range. In this instance the defect arises from the fact, that it is equally applicable to several tracts. There was evidence that claiming under this deed the purchaser took possession of the particular lands in suit, that he claimed no other.

This evidence was admissible upon independent grounds not connected with the instrument and was admitted without objection. The deed, in connection with this evidence, defines with certainty the particular lands claimed and fixes the boundaries as clearly as if full in all respects.

In 1 Cyc. pp. 1090, 1091, after stating the general rule, it is said: "A description, though indefinite, is sufficient, if the court can, with the aid of extrensic evidence which does not add to, enlarge, or in any way change the description, fit it to the property conveyed by the deed." Possession is in the nature of the case a matter of parol proof. It may be and often is sufficient within itself to sustain an action of ejectment. All sound reason supports the prosition, that where there is parol proof, admissible within itself, showing the possession of lands under claim of purchase, an instrument which taken in connection with such parol proof defines with certainty the extent and boundaries of the lands is admissible in evidence. The reasons for excluding such instruments do not apply to such cases. The reasons for admitting color of title, do apply to such instruments, and we think there was no error in admitting the deed.

The defendant's claim of title also originated in a purchase from the state in 1902. He offered in evidence among other things, a deed from the State Auditor. The title sought to be conveyed was derived by the state by purchase at a tax sale, founded on an assessment of the

property of J. J. Sullivan. It is affirmatively shown that Sullivan neither had nor claimed title to the property; that his acts of possession were solely as agent for plaintiffs. This deed was not evidence of title. It was not offered as color of title. As color of title it would have placed defendant in position to set up an outstanding title, but no such evidence was offered.

It is unnecessary to decide, whether, under the evidence, the possession of plaintiffs was so continuous and adverse as to ripen into a perfect title. The evidence is without conflict that plaintiffs had prior possession under claim of title. "One who has prior possession of lands, or exercising acts of ownership, may, upon that fact alone, maintain ejectment against one afterwards found in possession, unless the latter set up paramount title in himself, or in some other person."—*Anderson v. Melear*, 56 Ala. 623; *Strange v. King*, 84 Ala. 214, 4 South. 600; *Reddick v. Long*, 124 Ala. 260, 27 South. 402; *Campbell v. Bates*, 143 Ala. 338, 39 South. 144.

The judgment of the circuit court is affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.