# McBride *r.* Lowe, *et al.*

## *Ejectment.*

(Decided February 8, 1912.  57 South. 832.)

1. *Adverse Possesion; Deed; Color of Title.*—It is not necessary that a deed be sufficient to pass title in order to render it admissible as color of title; hence, it was not error to admit as color of title, a deed recorded in this state, but executed in another state before a notary public who did not attach the notarial seal.

2. *Same.*—It is not necessary to show that the purported grantor was in possession of the land to render a deed admissible as color of title.

3. *Same; Evidence.*—Where the record of a deed was in evidence as color of title, it was competent for a witness to testify that he went into possession of the land thereunder.

4. *Same.*—The fact that a defendant showed a witness a deed and stated that he was in possession of the land embraced, was not sufficient to prove that the person was in adverse, notorious, open possession.

5. *Same; Tax Deed; Sufficiency.*—A deed which does not describe land is not even color of title, and hence, a tax deed whose description is insufficient is not admissible as evidence of title in ejectment.

6. *Ejectment; Evidence; Statements of Persons Claiming Land.*—While statements which are explanatory of a proven possession are admissible, in ejectment, the fact of possession itself cannot be proven by a statement of a person claiming the land, hence, a question to a witness in ejectment as to whether defendant showed him a deed and stated that he was in possession of the land embraced, was properly excluded.

7. *Evidence; Documentary; Deeds.*—Under section 3374, Code 1907, the original record is admissible though the statute mentions only the transcript of the record, and upon the showing by one of the plaintiffs in ejectment that he did not have possession or custody of the deed in question, the record was properly admitted.

APPPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ejectment by W. T. Lowe and others against S. A. McBride.  Judgment for plaintiffs and defendant appeals.  Affirmed.

DAVE C. ALMON, for appellant. The deed was inadmissible because made in Jackson county, Alabama, and acknowledged before a Tennessee notary who did not attach his seal. The court erred in admitting the record as section 3374, Code 1907, provides for a certified transcript of the record. The court should have allowed Ready to state that he knew McBride was in possession of the land and claiming it at the time he purchased it.

W. T. LOWE, and TIDWELL & SAMPLE, for appellee. This appeal should be dismissed on the authority of *Johnson, Nesbitt & Co. v. First Nat. Bank,* 145 Ala. 378; *Greenstein v. Bank,* 157 Ala. 536; *Desylva v. Henry,* 4 S. & P. 409; *Fulton v. The State,* 54 South. 165. Counsel do not discuss the merits of the case.

SIMPSON, J.—This suit was brought, as shown by the summons and complaint, by "W. T. Lowe and Tennis Tidwell, partners doing business under the firm name and style of Lowe & Tidwell," against S. A. McBride (it being statutory ejectment to recover lands).

Defendant objected to the introduction of the record of a deed from J. F. Graham and G. F. Graham to T. L. Ready, the record showing that said deed was acknowledged in Tennessee, before a notary public, but not showing that any notarial seal was attached. The court admitted the deed only as color of title. In this there was no error. It is not necessary that the deed be sufficient to pass title to be admitted as color of title (*Henry v. Brown,* 143 Ala. 454-455, 39 South. 325), nor is it necessary to show that the purported grantor was in possession of the land (Id.).

The original record is admissible, although the statute mentions only a transcript of it.

[McBride v. Lowe, et al.]

Secondary evidence can be introduced when "it appears to the court that the original conveyance has been lost, or destroyed, or that the party offering the transcript had not the custody or control thereof."—Code of 1907, § 3374. One of the plaintiffs testified that he did not have possession or custody of the deed.

There was no error in allowing the witness, Ready, to testify that he went into possesison of the land under the deed.

There was no error in sustaining plaintiff's objection to the question to Ready as a witness—"Did you not have a conversation with Mr. McBride * * * in which he showed you a deed to 100 acres of this land, and told you that he owned it, and was in possession of it?"

If the object was (as it seems) to prove that at the time Ready bought said McBride was in possession, while it is true that statements explanatory of a possession proven are admissible, yet that is a different thing from proving the possession itself by a statement.

The fact that McBride said he was in possession would not prove that he was in fact in open, notorious adverse possession.

There was no error in refusing to allow the tax deed by the defendant to be introduced in evidence, as the description of the land therein is insufficient; being as follows: "One hundred acres in E. ½ of S. E. ¼ and S. W. ¼ of S. E. ¼, Sec. 29, T. 5, R. 6, lying and being in said county and state." Even as color of title, a deed which does not describe any land is not admissible.—*Rogers v. Keith et al.*, 148 Ala. 225, 228, 32 South. 446.

The judgment of the court is affirmed.

Affirmed. All the Justices concur.