# Big Sandy I. & S. Co. *v.* Williams, *et al.*

## *Ejectment.*

(Decided December 18, 1913.   63 South. 1011.)

1. *Adverse Possession; Color of Title.*—A tax deed, a mortgage by the grantee in such deed, a deed on foreclosure of the mortgage, and a deed by the grantee in the foreclosure deed to defendant are each admissible as color of title.

2. *Same.*—The document showing color of title need not be executed and proved with the same formality as one which conveys title.

3. *Same; Evidence; Claim of Title.*—Where plaintiff introduced evidence of claim to and acts of possession of the land on the part of his grantor, a defendant, claiming by adverse possession, may show that such grantor disclaimed ownership and declined to pay taxes on the land about the time defendant acquired a tax deed for the land.

4. *Same.*—Defendants in ejectment claiming by adverse possession under color of title may show they have paid the taxes on the land.

5. *Trial; Reception of Evidence; Objections.*—Although the documents offered by defendant were admissible as color of title only, there was no error in overruling objection to such document because offered as muniments of title, the defendant neither stating nor admitting that they were offered for such purpose, and the court not stating that they were admissible for such purpose.

6. *Same; Limiting Purpose.*—Where evidence is admissible for a single purpose only, the adversary party should ask the court to limit it to that purpose.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Ejectment by the Big Sandy Iron & Steel Company, and others against W. W. Williams, and others. Judgment for defendants and plaintiffs appeal. Affirmed.

W. H. SMITH, and OLIVER, VERNER & RICE, for appellant. The court erred in admitting the tax deeds, mortgage, foreclosure deed and the other deeds objected to. The introduction is not justified by the proofs made under the provisions of section 4005, Code 1907.

This land passed under the Hardy Clements' will to the appellant.—*Sumner v. Hill,* 157 Ala. 230. The evidence shows beyond cavil that the possession claimed was broken time and again.—*Chastang v. Chastang,* 37 South. 799; *M. & E. R. R. Co. v. Rutland,* 165 Ala. 311. Where all cannot be seized the possession follows the title.—Tyler on Ejectment, 904; 2 Enc. of Law, 550; 102 U. S. 333; *Cox v. Davis,* 17 Ala. 714.

COLLIER, WRIGHT & FITE, for appellee. The evidence brought the proof within the provisions of section 4005, Code 1907.—*Malchow v. State,* 59 South. 342. The deeds were admissible as color of title in this case upon proof of the handwriting of the maker.—*Mardis v. Shackelford,* 4 Ala. 503; 5 Ala. 457. The course pursued was sufficient proof of the execution.—*Cox v. Davis,* 17 Ala. 717. All the papers were competent as color of title, and were offered as such and not as muniments of title, and hence, the objection interposed was not tenable.

MAYFIELD, J.—This is a common-law action of ejectment to recover the possession of 80 acres of land —the E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 24, township 22, range 8 W.—situated in Tuscaloosa county, Ala.

Appellant, plaintiff below, claimed title through one Hardy Clements, who died many years ago. By his will Clements disposed of many thousand acres of land. It is claimed by appellant that the land in controversy passed by that will to Mrs Marlowe, the daughter of the testator, who conveyed to the plaintiff.

The land was not particularly described in the will; but it is claimed that it was included in the general provision which disposed of the testator's "Home Place"; it being contended that the particular 80 constituted a

part of the "Home Place." The entire 80, at that time, and for a long time thereafter, was woodland; no part of it being under cultivation. There was some evidence to show that the particular 80 was used, in connection with the "Home Place," for the purpose of obtaining fire-wood, lightwood, etc. The evidence on this score, however, was very meager. There was also evidence to the effect that surveys, on two different occasions, were made along one side of the 80, though they were not made for the specific purpose of locating the boundaries of the particular 80.

Appellee, the defendant below, claimed through a tax deed made by the probate judge of the county to one M. M. Williams on the 20th day of June, 1895, and a mortgage made by M. M. Williams to W. W. Williams, one of the defendants, during the year 1895, a foreclosure deed of this mortgage to one H. B. Ward, made in the year 1904, and a deed, of practically the same date, by Ward, back to Williams, the mortgagee, and the defendant in this suit.

Objections were interposed by the plaintiff to the introduction of each of these instruments on various grounds, and to the introduction of the mortgage specially, because proof of its proper execution had not been made.

The record shows that the real contest on the trial was whether or not the defendant had acquired title by adverse possession. For this reason, each of the documents was admissible in evidence as color of title. We do not mean to say that they should, or should not, have been admitted for any other purpose; but that, they being admissible for the purpose indicated, it would have been error to exclude them entirely.

It is true that counsel, in some of the objections, state that the documents were offered as muniments of title:

[Big Sandy I. & S. Co. v. Williams, et al.]

but the defendant did not state, or even admit, that they were offered for that purpose, nor did the court rule that they were admissible for that purpose. The plaintiff should have requested the court to limit the introduction to the purpose only for which they were clearly admissible—that is, as color of title. We cannot agree with counsel that a document to show color of title should be executed and proved with the same formality as a document which conveys title. The distinction between the two has been repeatedly drawn by this court, and we think that there is sound reason therefor. See *Brannan v. Henry,* 142 Ala. 700, 39 South. 92, 110 Am. St. Rep. 55; *Rogers v. Keith,* 148 Ala. 228, 42 South. 446; *Dorlan's Case,* 140 Ala. 283, 37 South. 382, 103 Am. St. Rep. 35, and cases cited.

We cannot agree with plaintiff's counsel that the evidence in this case showed that plaintiff and those under whom it claims title were in the possession of the land at the time defendant and those under whom he claims title claimed to have been in possession, and that the acts of defendant were not the acts of possession of one claiming ownership, but were only those of a reputed trespasser, as to parts of this land. There was abundant evidence from which the jury could find that the possession of the defendant was in good faith, under color of title, and adverse, and that such possession had continued, unbroken, for more than ten years before the bringing of the suit. The record abounds in evidence which, if believed, would support a verdict and judgment for the defendant.

For this reason the general affirmative charge could not properly be given for the plaintiff, and for this same reason the other requested charges of the plaintiff were properly refused.

[Melvin v. Murphy.]

It was proper for the court to allow proof by the for-mer tax collector of Tuscaloosa county that Mrs. Mar-lowe, the plaintiff's grantor, disclaimed ownership of the land in question about the time that Williams ac-quired the tax deed, and declined to assess, or to pay taxes thereon. Plaintiff had introduced evidence of claim and acts of possession on the part of Mrs. Mar-lowe, of this land; and of course this evidence of the defendant was competent in rebuttal.

There was likewise no error in allowing proof that the defendant and his brother, M. M. Williams, had paid the taxes on this land, nor in allowing the intro-duction of the receipts therefor.

Finding no error, the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.