# Riley *v.* Fletcher.

*Ejectment.*

(Decided December 18, 1913.   64 South. 85.)

1. *Witnesses; Refreshing Recollection.*—Where a witness testified that he recalled substantially the testimony of a witness on a former trial, the witness having subsequently died, and that the bill of exceptions set out substantially what said witness had sworn on said former trial, the witness was entitled to use the said bill of exceptions to refresh his recollections, but the record of such testimony was not admissible except upon the call of the opposite party.

2. *Adverse Possession; Character.*—Where both parties claim through conveyances which were no more than color of title, and there was evidence that plaintiff's possession was not such as legally amounted to actual, adverse possession, plaintiff was not entitled to have a verdict directed for her on the theory that the evidence established beyond dispute her title· acquired through adverse possession under color of title, or on the theory that the evidence showed that she was in adverse possession under color of title, and while in such adverse possession, was ousted by defendant.

3. *Same; Tax Record; Color of Title.*—Where it appeared that the land in question was sold for taxes to H. in July, 1894, as the property of "owner unknown," and that the judge of probate made a tax deed to H. in May, 1909, and that H. afterwards conveyed the land to defendant, the tax deed and the tax record became admissible as showing color of title in defendant.

4. *Ejectment; Possession; Instruction.*—A charge asserting that if defendant's grantor was not in actual possession when he deeded the land to defendant, the jury should find for plaintiff was properly refused, for although defendant's grantor may not have been in possession on the day he made such deed, yet, the land being vacant, defendant may have entered and taken possession as a purchaser on the day following, and in that event, the fact that his grantor was not in possession would have been immaterial.

5. *Charge of Court; Involved and Obscure.*—Charges which are involved and obscure may properly be refused.

[Riley v. Fletcher.]

6. *Same; Applicability to Evidence.*—Where plaintiff's own evidence showed that some of the facts hypothesized in a requested charge did not exist, such charge was properly refused as being inapplicable.

7. *Same; Effect of Proof.*—Where the evidence on any given subject is without dispute, and only one rightful conclusion can be drawn therefrom, the court may, upon the written request of either party, properly charge as to the effect of such evidence.

(Mayfield, J., dissents.)

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by M. M. Riley against J. H. Fletcher. Judgment for defendant, and plaintiff appeals. Affirmed.

The evidence complained of sufficiently appears from the opinion. The following charges were refused the plaintiff.

"(2) The court charges the jury that, if you are reasonably satisfied from all the evidence that plaintiff had prior possession of the land in controversy, that is, actual possession of it before and at the time the defendant entered upon it, that was prima facie evidence of plaintiff's title, and, no presumption being indulged that title is in United States or another, on proof of actual possession of the land by the plaintiff under color of title when defendant entered, and prior actual possession of plaintiff's grantor that plaintiff is entitled to recover, notwithstanding defendant had color of title.

"(3) If you are reasonably satisfied from the evidence that J. D. Henderson was not in the actual possession of the land involved in this suit at the time he (J. D. Henderson) made the deed to defendant A. H. Fletcher and introduced in evidence in this case, then your verdict should be for the plaintiff for the land sued for.

"(4) The court charges the jury that, if you are reasonably satisfied from the evidence that the plaintiff

[Riley v. Fletcher.]

was in the actual, open, notorious, exclusive, adverse possession of the land sued for at the time defendant entered upon it, then you must find for the plaintiff for the land sued for."

The following charge was given for defendant: "If you believe the evidence in this case, M. H. Riley was not in possession of the land involved in this suit a sufficient length of time in order for his possession to have given him title."

JAMES F. JONES, for appellant. The testimony of Dock Jordan should have been admitted in evidence.— *Torrey v. Burney,* 113 Ala. 496; *Lowe v. State,* 86 Ala. 47; *Lowery's Case,* 98 Ala. 45. The court was in error in permitting the tax deed and tax record to be admitted.—*Kinnon v. Mixon,* 128 Ala. 612; *Johnson v. Harper,* 107 Ala. 706. Conveyances of land held adversely are void.—*Lowery v. Baker,* 141 Ala. 600; *City L. Co. v. Pool,* 149 Ala. 164; *Davis v. Curry,* 85 Ala. 133. On these same authorities, the court erred in refusing charges 1, 2, 3 and 4 requested by plaintiff, and in refusing to exclude the deed from Henderson to Fletcher. Charges 1 and 2 given for defendant were upon the effect of evidence, and hence, improperly given. —*B. R. L. & P. Co. v. Lee,* 153 Ala. 386; *Wes. S. C. & F. Co. v. Cunningham,* 158 Ala. 369; *So. Ry. Co. v. Hobson,* 58 South. 571.

FOSTER & SAMFORD, for appellee. The former appeals are reported in 148 Ala. 236 and 169 Ala. 433. The court was not in error relative to the matter of the former testimony.—*Jacques v. Horton,* 76 Ala. 243; *Howell v. Carden,* 99 Ala. 108; *Acklin v. Hickman,* 63 Ala. 494; *Calloway v. Varner,* 77 Ala. 541; 16 Cyc. 1105. The court properly admitted the tax deeds and records

as part of defendant's color of title.—*Anderson v. Edmonds,* 141 Ala. 366; 169 Ala. 440. The evidence was hardly sufficient to go to the jury upon the question of plaintiff's possession, much less to authorize the affirmative charge.—*McCreary v. Jackson L. Co.,* 148 Ala. 247. Counsel discuss the charges given and refused, but without further citation of authority.

DE GRAFFENRIED, J.—The bill of exceptions in this case contains the following: "S. H. Gillis was next introduced as a witness for the plaintiff and testified in substance as follows: 'I was present at the trial of this case the last time it was tried in the circuit court. I remember Mr. Dock Jordan who testified in this case.' Question: 'Have you read what that record there (points to the old bill of exceptions) states as to his testimony? Answer: 'I have, and I recall substantially what Mr. Jordan testified to on the trial. That record sets out substantially what he said on that trial; what is recorded there in that bill of exceptions.' It was admitted that this Mr. Dock Jordan was dead. Plaintiff then offered to introduce this testimony of said Dock Jordan on the former trial of this cause as set out in said bill of exceptions at the spring term, 1907, which testimony of said Dock Jordan is in words and figures as follows: "Knew Morgan H. Riley, deceased, in his lifetime; knew where he lived and knew the land in question. Morgan H. Riley died in 1856; was in possession of the land at the time of his death, having gone into possession of the land in 1853. A portion of the Riley old farm was on the land in question. I do not know who went into possession of the land in question after the death of Morgan H. Riley; it did not join the Morgan H. Riley homestead. Have seen W. J. Riley on the land, and saw him hauling corn across it, but

cannot say that I ever saw him on the land after his father's death, and don't know who was in possession after W. J. Riley and Morgan H. Riley died; and do not know of any act of ownership having been exercised over said lands after Morgan H. Riley died. The lands are wild lands and have not been cultivated since the Civil War. I live near it, and have ridden over it frequently, and did not see any act of ownership by anyone." ' But the defendant here objected to said testimony of Dock Jordan being introduced in evidence on this trial, which objection the court sustained, and to this ruling of the court the plaintiff duly and legally excepted."

We direct attention to the fact that the above witness testified positively that he recalled substantially what the deceased witness Jordan testified to on the former trial, and that the "record sets out substantially what he said on that trial." In other words, the witness, from his own unaided recollection, testified that the record was, in substance, the testimony of the deceased witness on the former trial. This being true, the witness Gillis had the right to use the memorandum for the purpose of refreshing his recollection as to the testimony of the witness Jordan given on the former trial. "That the paper was not written by the witness himself is no objection."—1 Greenleaf on Evidence (16th Ed.) p. 543, § 439c. "Again, it is equally immaterial that the paper was not made at or about the time of the event; for it is not used as a record of the past memory (as is the case in section 439b), and its power to stimulate and revive the memory by the allusions which it contains must be precisely the same whether it was made at the time or not."—1 Greenleaf on Ev. (16th Ed.) p. 543, § 439c.

The above rules, however, did not render the memorandum itself admissible as evidence unless called

for by the opposite party. In this case Gillis had the right, under his evidence as to the knowledge which he had as to the correctness of the memorandum, to use that memorandum while testifying as a witness. The party against whom he was testifying had the right to introduce that momerandum in evidence for the purpose of letting the jury say whether the memorandum contained sufficient data to fortify or aid the recollection of the witness.—*Birmingham Railway Light & Power Co. v. Seaborn*, 168 Ala. 664, 53 South. 241; *Acklen v. Hickman*, 63 Ala. 498, 35 Am. Rep. 54,

The leading case in this state upon the subject now under discussion, is the above-cited case of *Acklen v. Hickman*. The rules announced in that case have been by this court frequently reaffirmed, and in the above case of *Birmingham Railway Light & Power Co. v. Seaborn* the language used by this court in said case of *Acklen v. Hickman* was quoted with approval.

In the case of *Torrey v. Burney*, 113 Ala. 496, 21 South. 348, this court used language which is at least in apparent conflict with the rule announced in the above case of *Acklen v. Hickman*, for in that case this court said, under circumstances somewhat similar to the circumstances in the instant case, that "We think the rule fully complied with and that both the memorandum and the testimony were competent'.' The conflict between the cases, however, is not so much an actual as an apparent conflict. In the case of *Torrey v. Burney, supra,* the witness was allowed to use the memorandum and to read from it. The memorandum was not itself introduced in evidence, and this court simply held that the writing was competent as a memorandum.

We have been led to make the above observations for the purpose of giving emphasis to our opinion that in this state the rules declared in *Acklen v. Hickman, su-*

*pra,* are the true rules which must govern on the subject now under consideration, and that no decision of this court has in any way qualified the doctrines announced in that case. We are therefore of the opinion that the trial court cannot be put in error for refusing to allow the plaintiff to introduce in evidence the quoted excerpt from the bill of exceptions. The witness Gillis testified that he remembered the testimony of the deceased witness, Jordan, and, as he did this, the plaintiff should have required him to state his recollection of that testimony. In giving his recollection of that testimony, the witness if he desired to do so, would have had a right to refer to said memorandum to aid or refresh his recollection. Having done this, the defendant, and the defendant only, would then have had the right to introduce in evidence the memorandum itself.—*Acklen v. Hickman, supra;* 40 Cyc. p. 2467, sub. X.

(2) The plaintiff claimed title to the property sued for through conveyances which gave only color of title, and through adverse possession under those conveyances. The defendant set up the same character of claim to the land. There was some evidence tending to show possession in the plaintiff under adverse claim of right under the conveyances above referred to, but there was also evidence in the case tending to show that the plaintiff's possession, at best, was evidenced by only occasional acts of riding over the land and the making of a survey of it. As was said by this court on the first appeal in this case: "The testimony of the defendant shows at least as unequivocal acts of possession by the defendants and those under whom they claim, as was shown by the predecessors of the plaintiff."—*Fletcher, et al. v. Riley,* 148 Ala. 236, 42 South. 548. This court, on the second appeal in this case, said: "As against an intruder or trespasser a plaintiff in actual possession

under color of title is entitled to recover.—*Fletcher v. Riley,* 169 Ala. 433, 53 South. 816. On this last appeal, this court also held that a defendant, though assuming possession under color of title, was within the above-quoted doctrine against intruders and trespassers, provided he assumed possession while the plaintiff was in the actual possesion of the land under color of title.—*Fletcher v. Riley,* 169 Ala. 433, 53 South. 816.

As there was much testimony in the case tending to show that the possession of the plaintiff and those through whom she claims to have derived color of title to the land was not such a possession as in law amounts to actual adverse possession of the land, the plaintiff was not entitled to the affirmative charge in her favor either upon the theory that her evidence established, beyond dispute, her title to the land acquired through adverse possession of the land under color of title, or upon the theory that the evidence, without dispute, showed that the plaintiff was in the adverse possession of the land under color of title, and, while in such possession, was ousted by the defendant, also claiming the land under color of title. This is certainly the effect of the decision of this court upon the last appeal.—*Fletcher v. Riley,* 169 Ala. 433, 53 South. 816.

(3) A large part of the tax records of the county in which the lands in dispute are situated were destroyed by fire. The record which was kept by the tax collector of the sales of lands for taxes was not destroyed, and this record showed that on the 16th day of July, 1894, the lands in dispute were sold as the property of "owner unknown," for taxes, and bought by J. D. Henderson. On the 15th day of May, 1899, the probate judge of the county made a deed to the said Henderson, in which he recites the fact of the above sale, and that the lands had not been redeemed; and by said deed con-

veyed the said lands to the said Henderson. J. D. Henderson, on May 17, 1899, by deed of quitclaim, conveyed the said lands to the defendant. The defendant claimed, and there was evidence tending to show, that the possession which he had of the said land was the possession which he and Henderson, through whom he claimed, took of the land, as a purchaser, at said tax sale, and that, when possession was taken under said purchase at said tax sale, no one was in possession of said land. The tax records and the tax deed were introduced simply as color of title, and as such were admissible.—*Rogers v. Keith,* 148 Ala. 225, 42 South. 446.

(4) Charge 2, requested by the plaintiff, was involved and obscure, and for this reason, if for no other, was properly refused.

(5) Charge 3 was properly refused. J. D. Henderson, at the time he made the deed, may not have been in possession of the land. At that time the land may, under the evidence in this case, have been in the actual possession of no one, and yet, on the next day the defendant, the land then being in the possession of no one, may have entered upon and taken possession of the land as a purchaser from Henderson.

(6) The evidence in this case as to the character of the plaintiff's possession of the land rendered charge 4, requested by the plaintiff, abstract. The plaintiff's own evidence shows that some of the facts hypothesized in charge 4 as being necessary to plaintiff's right of recovery did not exist.—6 Mayf. Dig. p. 112, subd. 180.

(7) Whenever the evidence upon any given subject is without dispute and only one rational conclusion can be drawn from such evidence, then the trial judge, at the written request of either of the parties to the cause, may charge the jury as to the effect of such evidence, and he will not be put in error for so doing.—5 Mayf. Dig. p. 150, subds. 4, 5, and authorities cited.

For the above reason, the trial court cannot be put in error for giving to the jury the written charges which it, at the request of the defendant gave to the jury. The trial court might have refused some of those charges, and not have been put in error here for such refusal (*Western Steel Car & Foundry Co. v. Cunningham*, 158 Ala. 369, 48 South. 109) : but, having giv.;n them, the trial court cannot be put in error for giving them. They belong to that class of charges which a trial judge, in his discretion, may or may not give.— *Herndon v. State*, 2 Ala. App. 118, 56 South. 85.

(8) We have above discussed all the questions presented by this record which appear to us to contain merit, and it appears to us that the record fails to disclose reversible error. The judgment of the court below is therefore affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON, MCCLELLAN, SAYRE, and SOMERVILLE, JJ., concur. MAYFIELD, J., dissents.